**Michael Alan AVRIL and Gloria Melanie McMullen, Plaintiffs-Appellants,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**No. 26593.**

United States Court of Appeals, Ninth Circuit.

May 5, 1972.

Rehearing Denied June 6, 1972.

Thomas J. Jeffers, Jr. (argued), Montrose, Cal., for plaintiffs-appellants.

David H. Anderson, Asst. U. S. Atty. (argued), Frederick M. Brosio, Jr., Asst. U. S. Atty., William D. Keller, U. S. Atty., Los Angeles, Cal., for defendant-appellee.

Before BARNES and GOODWIN, Circuit Judges, and SCHNACKE, District Judge.*

---

* The Honorable Robert H. Schnacke, United States District Judge for the Northern District of California, sitting by designation.

SCHNACKE, District Judge:

Appellants brought suit under the Federal Tort Claims Act for damages allegedly sustained when a Post Office vehicle negligently collided with a motorcycle owned and driven by Avril on which McMullen was a passenger. Their amended complaint, which is the one before us, alleges the filing by each of claims under 28 U.S.C. § 2675(a) with officials of the then Post Office Department and the expiration of six months without action thereon.

Copies of the claims as filed on Standard Form 95 were brought before the court below on defendant's request for admissions. In each case a space on the form entitled "Amount of Claim" was left blank. This omission was called to appellants' attention by the Department, but the forms were left unchanged in this respect.

Defendant moved to dismiss the action on the ground that since the claims did not state the money damages claimed in a sum certain they were fatally defective and therefore the action was precluded by § 2675(a). The court below agreed, granted the motion and dismissed the action.

28 C.F.R. § 14.2, a general provision on filing claims, provides:

"For *purposes of the provisions of Section 2672* of Title 28, United States Code, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages, *in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." (Emphasis supplied.)

39 C.F.R. § 912.5, specifically applying to claims involving the Post Office Department, provides:

"Manner of Filing Claims. Claim must be filed on Standard Form 95 which may be obtained from postmaster, postal inspectors, and local postal establishments."

Standard Form 95, referred to in each of these regulations, contains a conspicuous space in the upper right-hand corner for filling in the amount of the claim, broken down as between property damage and personal injury, which, as mentioned above, was left blank by appellees.

Appellees argue that the first of these regulations is inapplicable because it refers only to 28 U.S.C. § 2672, which deals only with administrative adjustment of claims, and not specifically to 28 U.S.C. § 2675(a), the claim requirement itself; moreover, it is argued, that 28 C.F.R. § 14.2 is in any case superseded by 39 C.F.R. § 912.5, which is specifically applicable to claims against the Post Office Department and contains no requirement that the claim be "in a sum certain."

Neither of these arguments is persuasive, since the requirement that a sum certain be claimed is clearly implied from the statute itself, 28 U.S.C. § 2675, which, in pertinent part, provides that no action on a tort claim against the United States may be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency", and that no such claim shall be "for any sum in excess of the amount of the claim [so] presented". It is plain that the required "claim" is something more than mere notice of an accident and an injury. The term "claim" contemplates, in general usage, a demand for payment or relief, and, unless it is a claim *for* something, is no claim at all.

The judgment is affirmed.