**Raymond C. WALLEY**

v.

**UNITED STATES of America.**

**Civ. A. No. 73-1439.**

United States District Court, E. D. Pennsylvania.

Nov. 8, 1973.

————◆————

Melvin Brookman, Philadelphia, Pa., for plaintiff.

Robert E. J. Curran, U. S. Atty., Kenneth Ritchie, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

The present action, a claim for damages resulting from a collision between plaintiff's car and a Postal Office vehicle, was filed in this Court on June 21, 1973. This action, since it names as defendant an employee of the United States Government, is brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. The Federal Tort Claims Act establishes a procedure for the adjudication of tort claims against the United States. The Act specifies that before an aggrieved person can bring his claim in Court, he must first submit it to the federal administrative agency allegedly responsible for the tort for adjudication (28 U.S.C. § 2675(a)). If the federal agency denies his claim, or fails to finally dispose of it within six months, then and only then can the claimant sue in Court. (28 U.S.C. § 2675(a)).

Defendant has moved to dismiss plaintiff's complaint for failure to state a claim and for lack of subject matter jurisdiction on the grounds that plaintiff failed to file his claim with the federal agency as required by the Tort Claims Act. Plaintiff replies that he did file a claim with the appropriate agency on

February 6, 1973, a photostatic copy of which is included in his opposition to defendant's motion to dismiss. Plaintiff further asserts that when he received no response from the Post Office, his attorney contacted the Office by phone and was told that his letter had not been received. In order to prevent his claim from being barred by the statute of limitations, plaintiff asserts, he instituted this suit on June 21, 1973.

Defendant contends that plaintiff's letter[1] to the Post Office does not satisfy the requirements of the regulations implementing the Tort Claims Act, specifically Title 28, Code of Federal Regulations, § 14.2, which states:

"A claim shall be deemed to have been presented when a federal agency receives from a claimant, his duly authorized agent or representative, an executed standard form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain. . . ."

Plaintiff's letter of February 6, 1973 to the Post Office was a "written notification" which included a "sum certain" even though plaintiff's representative was not certain of the sum. Plaintiff has specified an amount to which he claims he is entitled, which is all that the regulations—and the statute—require. See Bialowas v. United States, 443 F.2d 1047 (3rd Cir. 1971). However, even if plaintiff's letter of February 6, 1973 was a claim within the meaning of the statute and regulations, his complaint must be dismissed because it was instituted before the requisite six months had elapsed between the time his claim was filed with the agency and the time by which the agency can be deemed to have made a final disposition against

1. Plaintiff's letter of February 6, 1973 reads as follows:

"United States Postal Office
30th and Market Streets
Philadelphia, Pennsylvania

Attn: Claims Department

Re: Raymond C. Walley
Date of Accident: 6/30/71
My File No. 7804

Gentlemen:

This office has been requested to represent Raymond C. Walley for severe injuries suffered in an automobile accident on Conshohocken State Road near Page Terrace.

Mr. Walley advises that his vehicle was thrown out of control as he attempted to avoid a Post Office truck which ran through a stop sign.

The injuries are severe, but I am presently unaware of his out-of-pocket expenses because I am having difficulty in communicating with Mr. Walley. He is a deaf mute. However, from what I can gather, it would be possible that the total claim to be made on his behalf will approximate $100,000.00.

I do not have any information on the identity of the mail truck, and I would appreciate your efforts in ascertaining the identity of the operator.

I was advised to write this letter to your office by Mr. Dowd of the Villanova Post Office which I understand controls the area in which this accident occurred. I would appreciate hearing from you in regard to this matter at your earliest convenience.

Thank you for your courtesies.

Very truly yours,

SHEIN and BROOKMAN, P.A.
MELVIN BROOKMAN

MB/db

it.[2]  In the absence of an explicit rejection of his claim, plaintiff could not have properly brought suit in the Court before August 6, 1973.  Since plaintiff has not followed the procedural requirements of the Federal Tort Claims Act, this Court lacks jurisdiction over his claim, and his claim will be dismissed. Bialowas v. United States, 443 F.2d 1047 (3rd Cir. 1971); Meeker v. United States, 435 F.2d 1219 (8th Cir. 1970).

Plaintiff indicates that he brought this suit prematurely in order to toll the statute of limitations.  The Tort Claims Act provides that a claim against the United States will be barred unless a claim is filed with the appropriate federal agency within two years after the occurrence of the tort complained of.  28 U.S.C. § 2401(b).  Since what plaintiff sent the Post Office on February 6, 1973 was a claim as defined by the Act, plaintiff is free to re-file this action.

2.  28 U.S.C. § 2675(a) states that:
"The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."