**FRANKLIN STATE BANK, Plaintiff,**

v.

**UNITED STATES of America and Commissioner of Internal Revenue, Defendants.**

**No. 72 CIV. 2135.**

United States District Court, S. D. New York.

Sept. 29, 1975.

George M. Stromberg, New York City, for plaintiff.

Paul J. Curran, U. S. Atty., by William G. Ballaine, Asst. U. S. Atty., New York City, for the United States.

MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

Plaintiff Franklin State Bank has brought this action against the United States asserting jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The bank seeks to recover damages for the allegedly negligent loss by the government of property in which the bank held a purchase money security interest at the time of the loss.

*Findings of Fact*

The relevant facts in this case are largely undisputed. On March 25, 1971, plaintiff bank obtained by assignment a security agreement in the sum of $5,128.51 covering a 1971 Allied 7000 Ho Ram machine ("Ho Ram") which had been purchased by Alan Doty, Inc. A financing statement was duly filed in the office of the County Clerk of Westchester County on March 29, 1971, and in the office of the Department of State of the State of New York on March 30, 1971. Alan Doty, Inc. paid to the bank the first installment under the security agreement and accompanying note, which was due on April 27, 1971 in the amount of $427.44 and failed to pay any further installments.

On June 18, 1971, defendant Commissioner of the Internal Revenue Service made an assessment against Alan Doty, Inc., in the sum of $39,391.26 for employee withholding taxes due for the first quarter of 1971. On August 6, 1971, a notice of federal tax lien was filed with the Secretary of State of the State of New York for said assessment. On August 9, 1971, the Ho Ram was levied against and seized by duly authorized agents of defendants in connection with the collection of taxes due under that assessment. At that time, the Ho Ram along with other equipment was being used by Alan Doty, Inc. in connection with construction work it was performing on a project at West Point Military Academy. The defendants' agents took the Ho Ram and other items of property and segregated them at an isolated location within West Point, tag-

ging each item as having been seized by the Internal Revenue Service.

On or about August 24, 1971, the bank received a letter from Alan Doty, Inc., suggesting that the bank pick up the Ho Ram at West Point "for resale in an effort to recoup monies you have invested in this unit." (Exh. F, Stipulation of Facts.) Accordingly, on or about August 31, 1971, agents of the bank went to West Point and removed the Ho Ram from the premises to New Jersey.

Having learned of this, Revenue Agent Gleason communicated with George Stromberg, an attorney representing the bank. Mr. Gleason told Mr. Stromberg that the Ho Ram removed from West Point at the direction of the bank had been under seizure and had to be returned. Mr. Stromberg agreed to return the Ho Ram to defendants' agents so that it could be appraised for its sales value both separately and as part of a bulk sale of the items of property which had been seized at West Point, but he advised Mr. Gleason of the bank's prior security interest in the Ho Ram. Mr. Gleason noted that he was already aware of this security interest. Further details of this conversation are disputed by the parties to this action, but, as will be shown, a resolution of these discrepancies is not essential to the court's disposition of the matter.

Following the conversation between Mr. Gleason and Mr. Stromberg, the Ho Ram was returned to West Point by the plaintiff, and on September 8, 1971, plaintiff sent a letter to the Internal Revenue Service, to the attention of Mr. Gleason, stating that the balance due to plaintiff on the security agreement was $4,701.14, together with copies of the security agreement, promissory note and financing statement. Sometime during September 1971, defendants' agents were advised that Alan Doty, Inc. had paid in full the amount of taxes which had been assessed against it, and on September 28, 1971, they released the levy and delivered the Ho Ram to Alan Doty, Inc.

Plaintiff bank was not notified either before or after September 28, 1971 by defendants' agents that the Ho Ram was being or had been returned to Alan Doty, Inc. Since September 28, 1971, the bank has been unable to locate the Ho Ram or Alan Doty, Inc., and there is still due and owing under the security agreement the sum of $4,701.14, plus interest. By a letter dated April 14, 1972, addressed to the Commissioner of Internal Revenue (Exh. I, Stipulation of Facts), the bank demanded the return of the Ho Ram, but did not make any statement of money damages claimed. No other written claim or demand was made by the bank to defendants prior to the commencement of this action on May 18, 1972.

*Conclusions of Law*

Plaintiff claims that defendants' failure to safeguard the Ho Ram for plaintiff or to notify plaintiff that the tax levy against Doty had been vacated or to find out who was entitled to possession of the Ho Ram before delivering it to Alan Doty, Inc., constitutes a cause of action sounding in negligence or conversion against defendants. (P1's Request for conclusions of Law, 3–4.) The court does not reach the merits of such claims, because the court finds itself to be without subject matter jurisdiction in the instant case.

Plaintiff maintains that the jurisdiction of this court arises under 28 U.S.C. § 1346(b), the Federal Tort Claims Act. However, before jurisdiction may be established pursuant to that section, an aggrieved party must exhaust its administrative remedies by filing a statement of its claim with the appropriate agency pursuant to 28 U.S.C. § 2675. Title 28, § 2675, provides as follows:

> "*An action shall not be instituted* upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the

agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim or counterclaim." (Emphasis added)

The filing of such an administrative claim has been held to be an "absolute prerequisite" to the filing of a Federal Tort Claims action and "a jurisdictional requirement . . . not capable of a waiver or subject to an estoppel." *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1973). *See also Powers v. United States*, 390 F.2d 602 (9th Cir. 1968); *Hlavac v. United States*, 356 F.Supp. 1274 (D.C.Ill. 1972). Since the issue involved goes to the subject matter jurisdiction of this court, it must be considered even though it was first raised by defendants in post-trial Proposed Findings of Fact and Conclusions of Law. It is axiomatic that questions of subject matter jurisdiction may be considered at any point in the trial process or thereafter. Fed.R.Civ.P. 12(h)(3). *See generally* Wright & Miller, Federal Practice and Procedure: Civil § 1393. Nor does it have any import that the court refused to dismiss the case earlier, when defendants attempted to show lack of subject matter jurisdiction on other grounds (Memorandum Opinion and Order, March 12, 1973), since "[i]t is the duty of a federal district court to dismiss an action *whenever* the court is satisfied that a controversy within its jurisdiction is not involved." *Jackson v. Kuhn*, 254 F.2d 555, 559 (8th Cir. 1958) (emphasis supplied).

In the instant case, it seems clear that plaintiff has not met the prerequisites set forth in 28 U.S.C. § 2675 for the establishment of subject matter jurisdiction. The only communication from the bank to the Internal Revenue which in any sense could be considered a § 2675 "claim" would be the letter of April 14, 1972, in which Mr. Strom-

berg, the bank's attorney, stated that "demand is hereby made upon you that you return or cause to be returned the said machine to the aforenamed bank." But 28 CFR § 14.2 specifies that an administrative claim must be "accompanied by a claim for money damages in a sum certain for injury to or loss of property . . ." The courts have been rigorous in requiring that such money damages be specified in "sum certain." *See, e. g., Avril v. United States*, 461 F.2d 1090, 1091 (9th Cir. 1972); *Bialowas v. United States*, 443 F.2d 1047, 1049 (3rd Cir. 1971). Moreover, even assuming *arguendo* that plaintiff's April 14, 1972 letter to the Commissioner of Internal Revenue was an adequate administrative claim, which it was not, jurisdiction would not lie under 28 U.S.C. § 1346(b) because plaintiff commenced this action prior to receiving a denial of its claim or waiting for the expiration of six months as required under 28 U.S.C. § 2675(a). *Walley v. United States*, 366 F.Supp. 268 (E.D.Pa.1973).

Although ordinarily failure to file an adequate administrative claim is grounds for dismissal without prejudice, in cases such as this, where the two year statute of limitations created by 28 U.S.C. § 2401 has already run, the claim against the government is forever barred. *Robinson v. United States Navy*, 342 F.Supp. 381 (E.D.Pa.1972). This is the rule absent a showing of deception or of an intentional "sitting on its rights" by the government, and no such showing has been made in this case. *Joyce v. United States*, 474 F.2d 215, 218 (3rd Cir. 1973). While such a rule may seem arbitrary, it rests on the theory that the Federal Tort Claims Act represents a statutory relinquishment of the Sovereign immunity of the United States, and as such, requires a clear and specific showing of its applicability before being utilized. *Dalehite v. United States*, 346 U.S. 15, 30–31, 73 S.Ct. 956, 97 L.Ed. 1427 (1953).

The complaint is dismissed for lack of subject matter jurisdiction.

Submit Order on five days' notice.

SO ORDERED.