James **CHURCH, and Wanda Church, his wife, Plaintiffs,**

v.

**UNITED STATES of America, and W. Laird Stabler, Jr., individually and as United States Attorney for the District of Delaware, Defendants.**

Civ. A. No. 75–5.

United States District Court, D. Delaware.

March 12, 1976.

Bertram S. Halberstadt, of Connolly, Bove & Lodge, Wilmington, Del., for plaintiffs.

Kent Walker, Asst. U. S. Atty., Wilmington, Del., for defendants.

## OPINION

STAPLETON, District Judge:

On May 9, 1972, in the course of executing a search warrant, FBI agents seized $9,643.75 in cash from various parts of plaintiffs' home. After termination of the criminal proceedings against plaintiffs on May 15, 1974, plaintiffs' counsel wrote to the United States Attorney for the District of Delaware on September 6, 1974, demanding return of "cash amounting to approximately $10,000 [which] was seized from three closets in Mr. Church's house at 323 Clyde Street, Wilmington." On September 10, 1974, the United States Attorney advised plaintiffs' counsel in writing that the government would "oppose the return of such funds". The government's letter took the position that "all the funds tak-

en from the personal residence of Mr. Church are related to his gambling activities". Plaintiffs contest this claim and allege, in addition:

10. . . . Defendant has despite plaintiffs' demand for return, refused to return same, and, further, defendant has failed and refused to bring any legal action to establish any right to withhold and keep said monies by forfeiture proceedings or otherwise, all to plaintiffs' loss and injury.

11. Defendant has provided plaintiffs with no notice that the monies in question are or may be subject to forfeiture and has not provided plaintiffs with any hearing regarding any possible claim of forfeiture.

This suit was filed on January 13, 1975 with the United States Government as the sole defendant. The government's answer, filed March 14, 1975, *inter alia,* asserted by way of "affirmative defense" that "the money is to be forfeited to the United States pursuant to Title 18, U.S.C. § 1955(d)". An amended complaint was subsequently filed which joined W. Laird Stabler, the current United States Attorney, as an additional party. The defendants have moved to dismiss all three counts of the complaint for want of jurisdiction. As the jurisdictional basis for each varies, the Court will consider the three counts in turn.

## COUNT I

This count purports to state a claim sounding in conversion against the United States under the Federal Tort Claims Act and jurisdiction is alleged to exist under 28 U.S.C. § 1346(b). The government contests jurisdiction of this claim solely on the grounds that plaintiffs have failed to properly file a claim with "the appropriate federal agency" pursuant to 28 C.F.R. § 14.2 and that, in any event, plaintiffs have failed to allege compliance with that statutory provision. I have reviewed Section 14.2 and conclude that counsel's letter of September 6, 1974 constituted a sufficient "written notification . . . accompanied by a claim for money damages in a sum cer-

tain." *Walley v. United States,* 366 F.Supp. 268, 269 (E.D.Pa.1973). I further conclude that paragraph 12 of the amended complaint, which speaks of this demand letter and the government's response, is a sufficient allegation of compliance with Section 14.2. Accordingly, jurisdiction would appear to exist over Count I.

## COUNT II

Count II alleges a second claim against the United States for damages in the amount of $8,803.75 plus interest and depreciation since May 15, 1974.[1] It asserts that the government's action in refusing to return the plaintiffs' money constituted a deprivation of property without due process of law in violation of the Fifth Amendment. Jurisdiction over this claim is said to lie under 28 U.S.C. § 1346(a)(2) since it involves a "civil . . . claim against the United States, not exceeding $10,000 in amount, founded . . . upon the Constitution." Section 1346(a)(2) would appear to provide a sound jurisdictional base for the claim stated in Count II. *United States v. One 1965 Chevrolet Impala Convertible,* 475 F.2d 882, 885 (6th Cir. 1973); *United States v. One 1961 Red Chevrolet Impala Sedan,* 457 F.2d 1353, 1356–57 (5th Cir. 1972); *Jaekel v. United States,* 304 F.Supp. 993, 997 (S.D. N.Y.1969).

## COUNT III

Count III purports to state a claim against defendant Stabler for compensatory and punitive damages in excess of $10,000 based upon an alleged violation of plaintiffs' right to be free from deprivations of property without due process of law. Since defendant Stabler acts under color of federal law, plaintiffs predicate their claim directly on the Fifth Amendment[2] and assert that this claim may be entertained under the Court's general federal question jurisdiction. 28 U.S.C. § 1331(a).

Defendant Stabler argues only that the minimum jurisdictional amount is not present. Damages in excess of $10,000 are alleged, however, and the current record does not rule out the possibility of plaintiffs proving compensatory and punitive damages in excess of that amount. Compare *Chaudoin v. Atkinson,* 494 F.2d 1323, 1328 (3rd Cir. 1974). Therefore, it would appear that the Court has jurisdiction over the claim set forth in Count III.[3]

Submit order.

---

1. While it is not entirely clear, the plaintiffs apparently now concede that a small portion of the cash seized did constitute proceeds from an illegal gambling operation.

2. See *United States ex rel. Moore v. Koelzer,* 457 F.2d 892 (3rd Cir. 1972) and *Revis v. Laird,* 391 F.Supp. 1133, 1138–39 (E.D.Cal. 1975), both applying the theory of *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), a Fourth Amendment case, to damage claims predicated on violations of the Fifth Amendment.

3. Defendant Stabler has not thus far asserted a claim of immunity and the Court expresses no opinion with respect to the availability of such a defense in the factual context of this case. Compare *Imbler v. Pachtman,* —— U.S. ——, 96 S.Ct. 984, 47 L.Ed.2d 128, 44 U.S. L.W. 4250 (1976).