606 P.2d 41

John DASSINGER, Sr., and Shirley Dassinger, husband and wife, Appellants,

v.

R. K. ODEN and Jane Doe Oden, husband and wife; J. C. Sanchez, and Jane Doe Sanchez, husband and wife; State of Arizona; the Department of Public Safety, an Agency of the State of Arizona, Appellees.

No. 1 CA–CIV 4045.

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 11, 1979.

**552**

Harry E. Craig, and John L. Wiehn, Phoenix, for appellants.

Jones, Teilborg, Sanders, Haga, Parks & Stephenson, by Terrence P. Woods, and John C. Gemmill, Phoenix, for appellees.

## OPINION

DONOFRIO, Judge.

Appellants filed a negligence action against appellees alleging injuries and damages arising out of an arrest situation. The complaint alleged that despite warnings about appellant John Dassinger's multiple sclerosis Officer Oden handcuffed him behind his back thereby causing physical injury. The controversy below and on appeal is whether appellants complied with the claim requirements of A.R.S. § 12–821. Fulfilling these requirements is a jurisdictional prerequisite to the institution of a negligence action against the State. *State v. Stone,* 104 Ariz. 339, 452 P.2d 513 (1969).

On July 18, 1975, fourteen months after the arrest incident, appellant through counsel filed a claim letter with the Department of Public Safety detailing the incident, discussing the nature of the injuries and enclosing copies of medical bills and reports. On September 11, 1975 the Department through Randy H. Wakefield, the Department's legal advisor, replied stating "we find no merit in his claim; and we are, therefore, rejecting his claim." This letter was followed by filing of a complaint on October 7, 1975. Defendants answered on October 28, 1975 and asserted as one defense the court's lack of jurisdiction because of plaintiffs' "failure to file a proper claim in accordance with A.R.S. § 12–821." During the course of discovery, plaintiffs served on defendants a set of non-uniform interrogatories, requests for admission and requests for production. The response was filed on December 17, 1975 and pertaining to the injury it contained the following:

R.3 By letter dated July 18, 1975 plaintiffs filed a proper claim in accordance with A.R.S. § 12–821.

ADMITTED ____ DENIED X

I.5 If R.3 is denied, state:

a. *All* facts upon which your denial is based.

Letter of July 18, 1976 fails to constitute a 'claim' in accordance with applicable Arizona law.

b. State specifically and in detail the exact deficiency in plaintiffs' letter dated July 18, 1975 which prevents it from being 'a proper claim in accordance with A.R.S. § 12–821.'

The letter of July 18, 1975 does not state any amount for which this matter might be compromised.

On May 9, 1977, just over two years after the incident, defendants filed a motion for summary judgment on the basis that the claim letter filed with the Department of Public Safety was deficient in that it failed to include an offer to settle for a fixed amount as required by *State v. Brooks,* 23 Ariz.App. 463, 534 P.2d 271 (1975). The court granted the motion and entered judgment on June 6, 1977. This appeal followed.

A.R.S. § 12–821 states:

Persons having claims on contract or for negligence against the state, which have been disallowed, may on the terms and conditions set forth in this article, bring action thereon against the state and prosecute the action to final judgment.

In *State v. Brooks* this court held that a valid claim had to state an amount to satisfy the claimant for the damages suffered. Without this information, a claim letter is not a "claim" within the meaning of the statute and the jurisdictional prerequisites for filing suit are not satisfied. The claim letter filed by plaintiffs itemized $1,300 for medical expenses, $1,800 for future medical

expenses and $200 for mileage. However, the letter also notified the Department that plaintiff had suffered loss of wages in an unspecified amount and that he had also suffered substantial pain, mental anguish, and inconvenience which resulted in an unspecified amount of damages. The claim, therefore, does not appear to meet the *Brooks'* criteria. There is no sum certain contained in the letter which plaintiffs would have been satisfied to settle for.

The first issue raised by appellant is whether the court erred in granting summary judgment based on the holding in *Brooks.* Appellant first argues that the claim letter he filed sufficed as an adequate claim letter. However, as explained above, it sought damages for loss of wages, pain and suffering, and mental anguish for which no amount was specified. It therefore did not meet the *Brooks'* criteria.

The more serious argument is that despite the deficiencies in the claim letter the Department of Public Safety's disallowance of it cured any deficiency in that regard. They note that in *Brooks* the letter was not treated by the State as a claim and was therefore never disallowed. *Brooks,* therefore, does not squarely cover the present case. They reason that the compromisable sum requirement is for the benefit of the State to allow it to determine whether a claim should be allowed or disallowed. If the State is able to disallow the claim even without a sum prayed for, then it should not later be heard to complain that the claim letter was insufficient.

While this argument bears some validity, we believe that it must fail. In *Brooks* we noted that the requirement of an amount prayed for was also found under the Federal Tort Claims Act, 28 U.S.C. § 2675(a):

An action shall not be instituted upon a claim against the United States which has been presented to a federal agency, for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his authority, unless such federal agency has made final disposition of the claim.

The federal courts have construed this statute as required a claim which includes a request for a sum certain. *Bialowas v. United States,* 443 F.2d 1047 (3rd Cir. 1971); *Avril v. United States,* 461 F.2d 1090 (9th Cir. 1972); *Caton v. United States,* 495 F.2d 635 (9th Cir. 1974). As the court said in *Avril,* "[t]he term 'claim' contemplates, in general usage, a demand for payment or relief, and, unless it is a claim *for* something, is no claim at all." 461 F.2d at 1091. Unless a claim including a sum certain has been filed, the jurisdictional requirement for the filing of an action against the United States has not been met and the complaint must be dismissed. The cases also hold that since the filing of a proper claim is a jurisdictional prerequisite to the institution of suit the requirement cannot be waived. *Bialowas v. United States, supra; Driggers v. United States,* 309 F.Supp. 1377 (D.S.C.1970); *Muldez v. United States,* 326 F.Supp. 692 (E.D.Va.1971).

We believe that the same principles apply in a State action in Arizona. As noted in *State v. Brooks,* the filing of a proper claim is a jurisdictional prerequisite to the filing of a suit against the State. A Superior Court has no jurisdiction of the subject matter of a suit against the State of Arizona where there has not been previously filed a proper claim and disallowance thereof. It is the general rule that lack of jurisdiction over the subject matter can be raised at any time and parties cannot waive the requirement that the court have subject matter jurisdiction or by consent confer subject matter jurisdiction upon the court. *In re Baxter's Estate,* 22 Ariz. 91, 194 P. 333 (1921); *Kelly v. Kelly,* 24 Ariz.App. 582, 540 P.2d 201 (1975). Defendants were thus free at any time to raise the question of the sufficiency of the claim.

Appellants next challenge the constitutionality of A.R.S. § 12–821 on vagueness grounds. They assert that since the word "claim" is unclear on its face and since this court in *Brooks* qualified the meaning of the word in a way which ordinary persons would not anticipate the stat-

ute is unconstitutionally vague. However, the fact that a statute has been judicially interpreted and applied to a set of facts generally provides sufficient notice to satisfy due process requirements and precludes an attack on the basis of vagueness. *State v. Pickett*, 121 Ariz. 142, 589 P.2d 16 (1978). The construction of the word "claim" in *Brooks* as requiring the inclusion of a sum certain constitutes sufficient notice and the statute therefore does not fall on vagueness grounds.

■ Appellants' third argument is that by failing to raise the sufficiency of the claim for failure to state a sum certain and by denying the claim is meritless, the State is estopped from raising the defense that no valid claim exists. However, the general rule is that estoppel will not operate against the State or its agencies. *Kerby v. State ex rel. Frohmiller*, 62 Ariz. 294, 157 P.2d 698 (1945). Thus, the State cannot ordinarily be estopped from asserting any defenses or claims. *Sanitary District No. 1 of Pima County v. State ex rel. Wiley*, 1 Ariz.App. 45, 399 P.2d 179 (1965).

■ The final argument is that since the operation of A.R.S. § 12–821 goes only to the State as a defendant the court erred in granting summary judgment against the individual Department of Public Security officers who they claim were sued in their individual capacity. The motion for summary judgment was filed on behalf of all defendants. In their response, plaintiffs did not argue that the judgment, if entered at all could only be entered for the State and judgment was entered on behalf of all defendants. This question was never presented to the trial court, who never had an opportunity to consider whether to grant the motion for summary judgment on behalf of the State only or on behalf of all the defendants. If a party defending against a motion for summary judgment does not present a particular issue to the trial court and waits until appeal to present that issue, it is too late. *Bible v. First National Bank of Rawlins*, 21 Ariz.App. 54, 515 P.2d 351 (1973), and *United States v. Kabinto*, 456 F.2d 1087 (9th Cir. 1972). The issue has thus been waived for purposes of appeal.

Affirmed.

WREN, P. J., concurring.

ROSENBLATT, Judge,* specially concurring.

While I concur in all respects with the opinion that the letter of July 18, 1976, was not a proper claim in accordance with A.R.S. § 12–821, and *State v. Brooks*, I feel it should point out the need for legislative and/or executive guidelines so valid claimants will know what is expected of them. Otherwise, the judiciary will be needlessly and endlessly called upon to determine the validity of claim letters when its time should be devoted to the merits of such claims.

---

* NOTE: The Honorable Paul G. Rosenblatt, Judge of the Superior Court of Yavapai County, participated in this decision as authorized by order of the Supreme Court of the State of Arizona filed January 30, 1979.