793 P.2d 1129

**Grant HOLLINGSWORTH, Plaintiff–Appellant,**

**v.**

**The CITY OF PHOENIX, a municipal corporation, Defendant–Appellee.**

**No. 1 CA–CV 88–443.**

Court of Appeals of Arizona, Division 1, Department D.

March 22, 1990.

As Corrected March 22, 1990.

Review Denied July 10, 1990.*

---

Heinzl & Franklin, P.A. by Joe Lawrence Heinzl, Tempe, for plaintiff-appellant.

* Feldman, V.C.J., and Cameron, J., of the Supreme Court, recused themselves and did not participate in the determination of this matter.

Jones, Skelton & Hochuli by William R. Jones, Jr., J. Rollie Wightman, Phoenix, for defendant-appellee.

CLABORNE, Judge.

We once again consider an appeal of a dismissal of an action against a public entity because the plaintiff allegedly did not comply with A.R.S. § 12–821.

The trial court concluded that the appellant Grant Hollingsworth (Hollingsworth) failed to submit a "claim" to the City of Phoenix (city) which would satisfy the statute and allow Hollingsworth to thereafter sue the city. The trial court dismissed the action on the grounds that it had no jurisdiction.

Plaintiff Hollingsworth sued the city for damages alleging that Phoenix police officers had unjustifiably beaten him after they had stopped his vehicle and placed him under arrest. Before filing suit, Hollingsworth's lawyer sent a letter to the city entitled "Notice of Claim against the City of Phoenix Pursuant to A.R.S. § 12–821." The complete letter reads:

> Let this letter serve as formal written notice/demand that Mr. Grant Holingsworth [sic], by and through counsel undersigned, is presenting his claim against the City of Phoenix and various city employees and agents, for his damages and injuries caused by the intentional and negligent acts of various Phoenix Police Officers.
>
> On or about July 9, 1986, various Phoenix Police officers intentionally beat Mr. Hollingsworth *while he was restrained,* in violation of his civil rights. Said beating was inflicted without justification, in that, any resistance of arrest by Mr. Hollingsworth had ceased. The beating and subsuquent [sic] abuse resulted in significant and permanant [sic] injuries to Mr. Hollingsworth. My client's medical and dental bills are in excess of $3,000.00. His teeth were broken and he has suffered permanant [sic] damage to his leg. All of these wounds were inflicted after all physical resistance had ended, and were unwarranted abuses of force under color of law.
>
> At present, it would not be practical to demand or offer a sum certain to compensate Mr. Hollingsworth for the physical and emotional pain he has been subjected to by those charged with our safety and protection. However, an educated estimate, of not less than $125,000.00 would be conservative given the aggravated nature of the officer's conduct.
>
> The officers involved have given their "identical" versions of the events in this matter in report # 86–090102. If after reviewing this matter you feel that it warrants a response, please do not hesitate to contact me. Thank you for your anticipated consideration. I await your response.

The Risk Management Division for the city responded:

> Dear Mr. Heinzl:
>
> Re: Grant Holingsworth [sic]
>     OUR CLAIM NO.: 87–0112
>     GAB CLAIM NO.: UNKNOWN
>     GAB ADJUSTER: UNKNOWN
>
> A copy of your letter of representation dated June 24, 1987, is being forwarded to GAB Business Services, Inc., the firm contracted to handle all claims presented against the City to completion. Please note your file to this effect.
>
> Their address is: GAB Business Services, Inc., 2150 East Highland Avenue, Suite 204; or P.O. Box 10160, Phoenix, Arizona 85064. Their phone number is 957–7580.
>
> Sincerely,
> /s/
> PAT PERRY
> Claims Analyst

Approximately a month and a half later, the lawyer for the plaintiff received the following correspondence from GAB Business Services:

> Dear Mr. Heinzl:
>
> | GAB File No. | : | 48828–16355 |
> | Our Insured | : | Phoenix Police Department |
> | Your Client | : | Grant Hollingsworth |
> | Date of Occurrence | : | July 9, 1986 |
>
> In regard to the above, we have found no evidence which would substantiate the version of this occurrence given by your client.

In the absence of evidence to the contrary, we will not be offering him compensation.

Should you wish to discuss this matter further, please feel free to give me a call.

Sincerely,

/s/
Steven H. Coons
Adjuster

Upon receipt of the GAB letter, Hollingsworth's attorney filed suit and, thereafter, the attorneys for the city moved to dismiss the action for lack of jurisdiction on the basis that no "sum certain" was demanded in the letter which, therefore, failed to comply with A.R.S. § 12–821. The trial court agreed with the city and dismissed the action, and this appeal followed.

The position of the parties is clear. According to Hollingsworth, the claim letter contains a "sum certain" and, therefore, complies with the statute and the case law; and, even if it does not, it is in accord with the purpose of the statute. The city responds by arguing that the claim letter does not specifically or substantially satisfy the requirement that a "sum certain" demand must be stated in the letter in order to make a "claim." Appellee contends that the failure to comply with this requirement is jurisdictional and the trial court was, therefore, correct in dismissing the complaint.[1]

We disagree.

To make the reasons behind our decision clear, we revisit the manner by which a "sum certain" became engrafted on A.R.S. § 12–821.

As a prerequisite to filing a lawsuit against a public entity, the injured party is required to first present an administrative claim pursuant to A.R.S. § 12–821. Section 12–821 presently provides[2] in part that:

A. Persons who have claims against a public entity or public employee shall file such claims ... within twelve months after the cause of action accrues. Any claim which is not filed within twelve months ... is barred and no action may be maintained....

The statute, through its many amendments, *has never defined the word "claim."* In 1975, this court in *State v. Brooks,* 23 Ariz.App. 463, 534 P.2d 271 (1975), defined the word. The court first discussed the purpose of A.R.S. § 12–821, which is: 1) to afford an opportunity to the agency to investigate the merits of the claim and reasonably assess its potential for liability; 2) to afford the opportunity to arrive at a settlement of the controversy; and 3) to establish an orderly procedure by which the legislature will be advised of claims in instances where no provision has been made for payment. *Id.* at 466, 534 P.2d at 274. *See also Pritchard v. State,* 163 Ariz. 427, 430–433, 788 P.2d 1178, 1181–1184 (1990); *Arena, Inc. v. Superior Court,* 163 Ariz. 423, 425–426, 788 P.2d 1174, 1176–1177 (1990) (acknowledges the purpose of A.R.S. § 12–821 as set forth in *Brooks* and holds that the statute does not bar class actions against public entities); *Johnson v. Superior Court,* 158 Ariz. 507, 510, 763 P.2d 1382, 1385 (App.1988) (Fernandez, J., dissenting) (purpose of claim statute as enunciated in *Brooks* is implicit in the current statute). A valid claim, the court said, must contain enough information to allow the state to intelligently ascertain these purposes so that it can conscientiously allow or disallow that claim. *Brooks,* 23 Ariz.App. at 466, 534 P.2d at 274. The letter in *Brooks* did not contain *any* amount, and the court said:

While the letter does contain sufficient information to allow the State to investigate its potential liability, it is wholly defective in stating an amount that is sought to satisfy this potential liability.

*Id.* at 467, 534 P.2d at 275.

Four years later, this court narrowed the meaning of "claim." In *Dassinger v.*

---

1. As noted by the dissent, we have not discussed whether the trial court should have dismissed the complaint filed by appellant without providing for a showing of excusable neglect as outlined by the statute. *See* A.R.S. § 12–821(A).

2. Former A.R.S. § 12–821 provided:

Persons having claims on contract or for negligence against the state, which have been disallowed, may on the terms and conditions set forth in this article, bring action thereon against the state and prosecute the action to final judgment.

*Repealed by* Laws 1984, Ch. 285, § 4.

*Oden,* 124 Ariz. 551, 606 P.2d 41 (App. 1979), the claim letter, after first setting forth a description of the claim, itemized $1,300.00 for medical expenses, $1,800.00 for future medical expenses, and $200.00 for mileage, but did not place a value on the claim for wages, pain and mental anguish, and inconvenience. The court held that such a letter did not meet the *Brooks* standard and said:

> There is no *sum certain* contained in the letter which plaintiffs would have been satisfied to settle for.

*Id.* at 553, 606 P.2d at 43 (emphasis supplied). For the first time, the words "sum certain" became the requirement. A reading of *Dassinger* clearly shows that the "sum certain" definition came from federal cases construing the Federal Tort Claims Act. *Id.*

The city, relying on *Brooks* and *Dassinger,* asserts we must affirm the trial court because no precise sum certain was contained in Hollingsworth's letter. While we do not disagree that a claim filed pursuant to A.R.S. § 12–821 must contain a sum certain, we do not find either case dispositive of whether that requirement was satisfied here. Unlike the claim letter in *Brooks,* appellant's letter was not wholly deficient in stating a dollar amount sought, nor did it, as in *Dassinger,* assert claims for lost wages and personal injury without placing any value on the claim. Rather, appellant's claim letter stated that his medical and dental expenses were "in excess of $3,000.00" and that he suffered "physical and emotional pain." The letter clearly stated that an educated estimate of the total value of the claim was not less than $125,000.00. It is because appellant placed an estimated total value on his claim that we do not find either *Brooks* or *Dassinger* controlling.

From this perspective, the issue is not whether Hollingsworth's letter contained an exact sum certain, but whether the letter provided the city with an opportunity to arrive at a responsible settlement.

Our review of Arizona case law reveals no decisions which resolve this precise issue. Because both *Brooks* and *Dassinger* appear to rely, in part, on the Federal Tort Claims Act and federal judicial decisions interpreting that act in grafting the "sum certain" requirement on A.R.S. § 12–821, we turn for a moment to the history of the Federal Tort Claims Act (FTCA) and decisions interpreting it.

In 1966, Congress amended the FTCA to require that claims for $25,000.00 or less be presented to the agency in question (post office, forest service, etc.). Claims for more than $25,000.00 were to be presented to the United States Attorney General's office. Congress amended the FTCA because the Code of Federal Regulations required a "sum certain" to be stated on their F95 form so that a decision could be made concerning who would handle the claim administratively. The reason is clearly stated in an excellent article on presentations of federal tort claims.

> The legislative history of the 1966 amendment noted the dual objectives to "ease court congestion" and "expedite the fair settlement of tort claims." Justice Department officials had pointed out that most FTCA cases were settled prior to trial. Since the agencies had developed expertise in tort procedures and had the best access to information about the tortious incident (their personnel were the alleged wrongdoers), they were to be given a reasonable opportunity to effect a settlement before the matter reached the Justice Department and the courts. Worries over possible irresponsible handling of federal monies were reduced by requiring the Attorney General's office to prescribe settlement regulations and to approve settlements over $25,000.

Zillman, *Presenting a Claim Under the Federal Tort Claims Act,* 43 La.L.Rev. 961–966 (1983). *See also Erxleben v. United States,* 668 F.2d 268, 271 (7th Cir.1981).

Some federal circuits construe the "sum certain" requirement as placing a reasonable total value on the claim. *Martinez v. United States,* 728 F.2d 694 (5th Cir.1984) (presentation of claim "in excess of $100,-000" complied with sum certain requirement); *Douglas v. United States,* 658 F.2d 445 (6th Cir.1981) (claimed sum certain of

$15,000 which included amount for pain and suffering enabled Navy to calculate reasonable settlement figure); *Avril v. United States*, 461 F.2d 1090 (9th Cir.1972) (action under FTCA precluded because claim did not state amount of money damages). *See also Church v. United States*, 409 F.Supp. 285 (D.Del.1976); *Walley v. United States*, 366 F.Supp. 268 (E.D.Pa. 1973). *See also* Zillman, *supra*, at 972–74. The *Douglas* court said that presentment of a claim is sufficient if the claimant: 1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate, and 2) places a value on his or her claim. *Douglas*, 658 F.2d at 447. *See also Conn v. United States*, 867 F.2d 916 (6th Cir.1989).

We agree with the approach taken in these cases and accordingly adopt a reasonableness standard for determining whether a claimant has stated a sum certain in a claim letter filed pursuant to A.R.S. § 12–821.[3] In our opinion, the critical factor in determining whether a claim satisfied this standard is whether the claimant places a total value on the claim. If a total value is placed on the claim, a lawsuit against a public entity should not fail simply because the injured party's claim letter modifies the amount of claimed damages with terms such as: "in excess of," *Martinez*, 728 F.2d at 695; "presently," *Erxleben*, 668 F.2d at 270; "approximately," *Church*, 409 F.Supp. at 286–87; or contains other language that is surplusage.

This approach is supported not only by the purpose of the statute, but also by the very nature of a tort claim. In tort actions, injured parties rarely know with certainty the exact dollar amount of their damages. In the world of tort litigation, prompt notification and investigation of a claim is highly desirable. A swift notification also provides a governmental agency with the opportunity to assess a claim and establish a financial reserve which may ultimately be required to settle or litigate the issue. Reasonable estimates of the value of a claim contribute to an assessment of a total claim; a rigid fixed sum or settlement figure does not. A rigid fixed sum certainly more often than not either delays notification or encourages quick unrealistic exaggerated demands. Requiring claimants to state an *exact* damage figure is simply unrealistic.

The dissent seems to believe that the amount stated in the letter should be explicitly definite or certain so that it becomes a contractual offer to be accepted by the governmental agency.

*Brooks* simply does not require such a rigid view. *Brooks* says that the purpose of the letter is to provide an *"opportunity to arrive at a settlement."* The idea is to provide the governmental agency with information so that it has an opportunity to settle a citizen's claim or to litigate it. It is not a requirement that an explicit offer be made by the citizen. It is simply a method to inform the government that an opportunity to settle is available if it is rational and responsible to do so. The duty of responsibility between a citizen and his government is, after all, reciprocal.

We reject the inference in appellant's argument that the purpose of A.R.S. § 12–821 does not require *any* stated dollar amount. Common sense obliges us to keep the idea of a claim in perspective. We find that where a claim letter gives the public entity notice of the nature of the claim, the general facts upon which the claim is based, a reasonable estimate of what the claim is worth, and the relief sought, the purpose of A.R.S. § 12–821 as enunciated in *Brooks* is satisfied.

The Hollingsworth claim letter certainly provided the City of Phoenix with sufficient information to investigate the merits of the claim, assess its potential liability, and arrive at an amount to settle the controversy so as to avoid litigation between it and one of its citizens. The "educated estimate" of potential liability in an amount

---

**3.** Although notice of claim requirements vary from state to state, this approach appears to be the most prevalent among the states. *See* Annotation, *Necessity and Sufficiency of Statement as to Amount of Damages or Compensation Claimed in Notice of Claim Required as Condition of Municipal Liability for Injury to Person or Property*, 136 A.L.R. 1368 (1942).

"not less than $125,000" satisfied the purpose of § 12–821 as enunciated in *Brooks.*

Therefore, we reverse the trial court, and remand the litigation with directions to reinstate the complaint and proceed in a manner consistent with this decision.

LINA S. RODRIGUEZ, J., concurs.

NOTE: Judge LINA S. RODRIGUEZ, Pima County Superior Court, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.

BROOKS, Judge, dissenting.

I disagree with the majority's conclusion that the claim letter in this case stated a sum certain. As this court has previously held, if a claim is to meet the requirements of A.R.S. section 12–821, it must include an amount for which the claimant will settle. *See Dassinger v. Oden,* 124 Ariz. 551, 553, 606 P.2d 41, 43 (App.1979); *State v. Brooks,* 23 Ariz.App. 463, 467, 534 P.2d 271, 275 (1975). Hollingsworth's claim letter was fatally flawed because it simply cannot be construed as stating that he would be satisfied to settle for $125,000.

The majority seems to confuse "exactness" of damages with "certainty" of the amount for which a claimant is willing to settle. No one suggests that Hollingsworth, as a tort plaintiff, was required to file a claim that anticipated the precise amount of damages that he would be able to prove at trial. Nevertheless, he was required to file a claim that stated, with certainty, the amount for which the city could settle its potential liability. Instead, the claim letter clearly conveyed the message that, nearly a year after his cause of action accrued, Hollingsworth was unable either to demand, or to respond to an offer to settle for, a sum certain. I refer specifically to the third paragraph of the letter:

> At present, *it would not be practical to demand or offer a sum certain to compensate Mr. Hollingsworth* for the physical and emotional pain he has been subjected to by those charged with our safety and protection. However, an educated estimate, of not less than $125,-000.00 would be conservative given the aggravated nature of the officer's conduct.

(Emphasis added.)

The majority, however, has failed even to consider the impact of the above disclaimer, focussing instead upon the effect of the qualifying words, "not less than." In this respect, I believe that the majority's reliance on cases under the Federal Tort Claims Act is misplaced. Those cases do not support the majority's holding that a claim letter satisfies the sum certain requirement of our claims statute as long as it includes "a reasonable estimate of what the claim is worth." *See* majority decision, *supra,* at 465, 793 P.2d at 1132. The amount claimed need not be *reasonable,* it need only be *certain.*

In *Martinez,* for example, the court held that a claim was in "reasonable compliance" with the FTCA's sum certain requirement even though the amount prayed for was *"in excess of* $100,000." Unlike Arizona law, however, the FTCA provides the rationale for striking such surplus language as "in excess of," "presently," or "approximately." Under the FTCA, the sum certain stated in an administrative claim sets a cap on the amount that may be recovered in any judicial action involving the same injury unless "the increased amount is based upon newly discovered evidence" or the claimant alleges and proves "intervening facts." 28 U.S.C. § 2675(b); *see also Erxleben,* 668 F.2d at 271, 273; *Martinez,* 728 F.2d at 697 n. 6. No such limitation on recovery results from the filing of an administrative claim under Arizona law.

Having stated my disagreement with the majority's analysis, I also wish to call attention to an issue that neither party has seen fit to mention either in the trial court or on appeal. Under the plain language of A.R.S. section 12–821(A), it appears that this cause of action should not have been dismissed. The majority, having no need to reach an issue not raised, has not quoted the portion of the statute to which I refer:

> Persons who have claims against a public entity or public employee shall file such claims in the same manner as that pre-

scribed in the Arizona Rules of Civil Procedure, Rule 4(D) within twelve months after the cause of action accrues. Any claim which is not filed within twelve months after the cause of action accrues is barred and no action may be maintained *except upon a showing of excusable neglect if the action is brought within the otherwise applicable period of limitations, provided that if there is no excusable neglect, and if the absence of excusable neglect is because of the conduct of the claimant's attorney, then the action shall proceed, and the public entity and public employee shall have a right of indemnity against the claimant's attorney for any liability assessed in the action.*

I first note that, contrary to the position taken by the city in its motion to dismiss, failure to comply with the claims statute does not deprive the trial court of subject matter jurisdiction. *See Pritchard v. State,* 163 Ariz. 427, 788 P.2d 1178 (1990); *see also City of Tucson v. Fleischman,* 152 Ariz. 269, 272, 731 P.2d 634, 637 (App.1986) (failure to timely file notice warrants dismissal only where failure was due to claimant's conduct, and conduct was not "excusable").

In the instant case, assuming that the claim letter was inadequate in that it failed to state a sum certain, either the defect is the product of "excusable neglect," or the negligence, if inexcusable, must be attributed to Hollingsworth's attorney. Accordingly, the action should have been allowed to proceed, and the city would have had a claim against the attorney for indemnification. However, as Division 2 of this court recognized in *Fleischman,* the potential for an indemnity order against counsel creates an obvious conflict of interest. Perhaps such a conflict caused counsel in this case to overlook the surest argument against dismissal of his client's complaint.

Based solely upon the arguments presented to both the trial court and this court, I would affirm.