996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leeroy B. BOSTIC, Plaintiff-Appellant,
v.
Peter M. CARLSON, Warden, et. al., Defendant-Appellee.
 No. 91-16703.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 14, 1993.*
Decided June 15, 1993.
 
 Before SCHROEDER, PREGERSON and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 LeeRoy B. Bostic, Jr., a federal prisoner, appeals from an order of summary judgment in favor of defendant prison officials. Bostic's complaint alleged that defendants negligently and intentionally misplaced an audio tape of his legal proceedings, thereby depriving him of his personal property, access to the courts, and a trial by jury. He also alleged that the tapes were seized from him without probable cause, in violation of the Fourth Amendment. We affirm in part and reverse in part.
 
 BACKGROUND
 
 3
 When Bostic was transferred to the Federal Correction Institution at Phoenix, Arizona ("FCI Phoenix"), officials confiscated from him a reel-to-reel tape-recording of the oral argument in his federal criminal appeal. Under FCI Phoenix regulations, prisoners are not permitted to keep audio or video recordings in their cells. Officials listed the tape on Bostic's personal property inventory sheet. When Bostic sought access to the tape, however, the officials were unable to locate it.
 
 
 4
 Bostic then tried to recover his tape through prison administrative procedures. On June 29, 1988, the Federal Bureau of Prisons offered to settle the case for $15 under the settlement authority codified at 28 U.S.C. § 2672 (authorizing federal agencies to settle Federal Tort Claims Act claims). The Bureau also advised Bostic that if he refused the settlement offer, he had six months in which to file a complaint under the Federal Tort Claims Act.
 
 
 5
 Bostic then initiated this action, claiming that defendant prison officials acted with "gross negligence and intentional and malicious disregard" in losing his tape-recording. He further alleged that defendants seized the tape without probable cause, in violation of the Fourth Amendment. In addition, he claimed that the loss of the tape denied him access to the courts under the First and Fifth Amendments, and denied him his Seventh Amendment right to a jury trial. Following the list of constitutional violations, the complaint alleged "alternate jurisdiction" under 28 U.S.C. §§ 1346(b), 2671, 2672, & 2675(b) (Federal Tort Claims Act).
 
 
 6
 On its own motion, the district court dismissed Bostic's Fourth Amendment claim with prejudice. After the parties engaged in discovery, defendants moved to dismiss or, in the alternative, for summary judgment. The district court then granted judgment for defendants on the remaining claims. In its order, the district court noted that "the record establishes at most that his tapes were lost due to the defendants' negligence and such a claim can be remedied only through a proceeding under the Federal Tort Claims Act." Order of Oct. 9, 1991.
 
 
 7
 Bostic advances three arguments on appeal. First, Bostic argues that the court erred by failing to construe his claim as one under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. He also contends that judgment for defendants was not proper because the record contained sufficient "facts" to withstand summary judgment. Finally, Bostic contends summary judgment for defendants is improper because "it is unclear from its final order whether [the district court] considered either of plaintiff's affidavits."
 
 DISCUSSION
 A. Federal Tort Claims Act
 
 8
 Bostic argues that the district court erred by entering judgment for defendants on all claims because Bostic had alleged a violation of the Federal Tort Claims Act. We agree.
 
 
 9
 The amended complaint alleges jurisdiction under 28 U.S.C. § 1346(b). This statute grants federal jurisdiction over actions against the United States arising out of the negligent or wrongful act of federal employees if a private person would be liable under local law. 28 U.S.C. § 1346(b).
 
 
 10
 In addition, Bostic alleges that defendants confiscated and misplaced his reel-to-reel tape. He further alleges that defendants acted with "gross negligence and intentional and malicious disregard" in losing his tape. This is sufficient to state a claim for conversion under Arizona law. See Howland v. State of Arizona, 818 P.2d 1169, 1172-73 (Ariz.Ct.App.1991) (state prison officials' confiscation of and failure to return prisoner's personal property states a claim for conversion).
 
 
 11
 Courts are required to construe liberally pro se prisoner complaints. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam) (habeas corpus petition that presents claims cognizable under 42 U.S.C. § 1983 should be construed to that extent as a complaint under § 1983); Franklin v. State of Oregon, 662 F.2d 1337, 1347-48 & n. 13 (9th Cir.1981) (courts should construe pro se pleadings liberally; construing § 1983 complaint as a habeas corpus petition).
 
 
 12
 Construed liberally, Bostic's amended complaint states a claim under the Federal Tort Claims Act. Furthermore, evidentiary materials in the record establish that defendants confiscated a reel-to-reel tape from Bostic at the time of his transfer to the FCI Phoenix, pursuant to prison regulations. The record also indicates that defendants have been unable to locate and return the tape to Bostic for his use. Thus, Bostic was entitled have the district court consider and make findings regarding his claim under the Federal Tort Claims Act.
 
 
 13
 On remand, the district court should substitute the United States as the proper defendant and make explicit findings regarding Bostic's federal tort claim. If Bostic establishes liability, damages are to be determined in accordance with Arizona law. See McCauley v. United States, 470 F.2d 137, 139 (9th Cir.1972).
 
 B. Constitutional Claims
 
 14
 Bostic also argues that the record contains sufficient "facts" to withstand summary judgment and that it is unclear whether the district court considered his evidence. We disagree.
 
 
 15
 First, the district court correctly dismissed Bostic's Fourth Amendment claim. Regardless of any evidence Bostic might produce, the facts he alleged did not and could not state a claim under the Fourth Amendment. See Hudson v. Palmer, 468 U.S. 517, 528 n. 8 (1984) (consistent with the Fourth Amendment, "[p]rison officials [are] free to seize from cells any articles which, in their view, disserve legitimate institutional interests."); Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir.) ("the fourth amendment does not protect an inmate from the seizure and destruction of his property."), cert. denied, 493 U.S. 868 (1989).
 
 
 16
 Second, Bostic's procedural due process claim was properly dismissed as well. No procedural due process violation occurs where a prisoner's property is lost or destroyed as a result of a prison employee's negligent or unauthorized, intentional act, as long as the prisoner has a post-deprivation remedy. See Parratt v. Taylor, 451 U.S. 527, 543 (1981) (post-deprivation remedy for unauthorized tortious conduct of a government employee satisfies the Due Process Clause), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). As discussed above, Bostic has a post-deprivation remedy under the Federal Tort Claims Act.
 
 
 17
 In addition, the district court properly granted judgment for defendants on the access to the courts claim. Bostic correctly notes that prison officials cannot unjustifiably interfere with prisoners' access to the courts. See Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled in part on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989); Gluth v. Kangas, 951 F.2d 1504, 1508 (9th Cir.1991). In response to defendants' motion for summary judgment, however, Bostic submitted only his own affidavit and that of another prisoner. Both affidavits relate only to the confiscation and loss of the tape. Thus, the affidavits could not support a factual finding that the loss of the tape interfered with Bostic's pursuit of any of his cases.[1] See Gluth, 951 F.2d at 1509 n. 2 (plaintiff prisoner must establish that access to the courts actually was impeded).
 
 
 18
 Finally, Bostic produced no evidence to show that the loss of the tape deprived him of his right to a trial by jury, as guaranteed by the Seventh Amendment.
 
 CONCLUSION
 
 19
 In sum, we reverse the district court to the extent it foreclosed Bostic's claim under the FTCA, and remand for further proceedings. We affirm the district court as to all remaining claims.
 
 
 20
 AFFIRMED in part and REVERSED in part.
 
 
 21
 Each side to bear its own costs of suit.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bostic's failure to adduce evidence on this issue disposes of this matter. We note, however, that other evidence in the record indicates that it is highly unlikely that a tape of oral argument would have aided Bostic in his criminal case. At the time the tape was misplaced, Bostic had exhausted his direct appeals and had unsuccessfully petitioned for a writ of habeas corpus. This left pending only Bostic's habeas appeal. We cannot imagine how statements made by judges during oral argument could be used to supplement the appeal of a denial of a habeas petition