12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Lee JENNINGS, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director, et al., Defendant-Appellee.
 No. 93-15674.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 15, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Lee Jennings, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in his 42 U.S.C. Sec. 1983 action. Jennings contends that (1) he was subjected to racial discrimination; (2) his personal property was confiscated, tampered with, and destroyed; and (3) he was retaliated against for exercising his constitutional rights. We have jurisdiction under 28 U.S.C. Sec. 1291 and review de novo. Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990). We affirm.
 
 
 3
 Summary judgment is proper if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Smolen, 921 F.2d at 963. If the nonmoving party bears the burden of proof at trial, he must go beyond the pleadings and present specific facts that support his contentions. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Smolen, 921 F.2d at 963. Conclusory allegations unsupported by facts cannot survive a motion for summary judgment. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 Racial Discrimination Claim
 
 4
 Prisoners may not be subjected to invidious racial discrimination. See Lee v. Washington, 390 U.S. 333 (1968) (per curiam). Proof of racially discriminatory intent or purpose is required to uphold a racial discrimination claim. See Washington v. Davis, 426 U.S. 229, 239-40 (1976). Discriminatory intent may be proved by direct or circumstantial evidence. See Lowe v. City of Monrovia, 775 F.2d 998, 1011 (9th Cir.1985), amended on other grounds, 784 F.2d 1407 (9th Cir.1986). However, conclusory allegations of discrimination cannot withstand a motion for summary judgment. See Forsberg v. Pac. Northwest Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir.1988); see also Taylor, 880 F.2d at 1045.
 
 
 5
 Jennings alleges that he, an African American, was disciplined for a rule violation while a white inmate involved in the same incident was not disciplined.[1] He also alleges that he was not allowed to bring personal property to work while white inmates were not subjected to the same restrictions.[2]
 
 
 6
 However, Jennings offers no probative evidence that the prison officials' actions were motivated by racial animus. In their motion for summary judgment, prison officials submitted an affidavit from Leslie Hicks, a Correctional Service Officer, stating that Jennings was disciplined for violating an institutional order directed at him. In his opposition to the defendants' motion for summary judgment, Jennings has submitted no evidence other than his own allegations that these incidents were racially motivated. Accordingly, the district court properly granted summary judgment for the defendants on the racial discrimination claim. See Washington, 426 U.S. at 240; see also Celotex, 477 U.S. at 322-23; Taylor, 880 F.2d at 1045.[3]
 
 Destruction of Personal Property Claim
 
 7
 Prison officials searched a desk drawer in the prison office Jennings used as an office clerk and found a pair of scissors, a razor blade, and a metal ruler.[4] Prison officials also temporarily detained Jennings's personal property, including his legal materials. Jennings contends that the officials' conduct violated the First Amendment, Fourth Amendment, and the due process clause.
 
 A. First Amendment
 
 8
 Prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from persons trained in law. Bounds v. Smith, 430 U.S. 817, 828 (1977). A prisoner who does not claim that the law library or legal assistance provided by the prison is inadequate must allege an "actual injury" to court access. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). An actual injury consists of a specific instance in which the prisoner is actually denied access to the courts. Id. Jennings alleges only temporary deprivation of his legal materials and offers no evidence of an actual injury to his court access. Accordingly, summary judgment was properly granted as to Jennings's First Amendment claim. See Sands, 886 F.2d at 1171; see also Celotex, 477 U.S. at 322-23.
 
 B. Fourth Amendment
 
 9
 The Fourth Amendment does not protect prisoners from searches of their prison cells because the prison's interest in institutional security outweighs the prisoner's diminished privacy interest. Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). Nor does the Fourth Amendment "protect an inmate from the seizure and destruction of his property." Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir.), cert. denied, 493 U.S. 868 (1989); see Hudson, 468 U.S. at 528 n. 2. Because Jennings has no privacy interest in the office desk that was searched, the prison officials' action does not violate the Fourth Amendment. Cf. Hudson, 468 U.S. at 526-27. Accordingly, the district court did not err in granting prison officials' motion for summary judgment on Jennings's Fourth Amendment claim. See Celotex, 477 U.S. at 322-23.
 
 C. Due Process Clause
 
 10
 Destruction of a prisoner's property does not violate the due process clause of the Fourteenth Amendment if the state makes available a meaningful post-deprivation remedy. Hudson, 468 U.S. at 533. Arizona law provides an adequate post-deprivation remedy for the alleged seizure and destruction of Jennings's property. See Ariz.Rev.Stat.Ann. Sec. 12-821 et seq. (1984);[5] Howland v. Arizona, 818 P.2d 1169, 1173 (Ariz.Ct.App.1991). Accordingly, the district court properly granted summary judgment for the prison officials on the destruction of personal property claim. See Hudson, 468 U.S. at 536; Celotex, 477 U.S. at 322-23.
 
 Retaliation Claim
 
 11
 A prisoner suing prison officials under section 1983 for retaliation must allege that (1) he was retaliated against for exercising his constitutional rights and (2) the retaliatory action does not advance legitimate goals of the correctional institution or is not narrowly tailored to achieve those goals. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).
 
 
 12
 Jennings was placed in investigative lock-up and transferred to another unit after prison officials searched his desk and discovered unauthorized items in his possession. Jennings contends that the prison officials' action was in retaliation for his stated intent to file a civil rights complaint based on racial discrimination.
 
 
 13
 A prisoner's right to seek legal redress is protected by the First Amendment. See id. at 531. However, Jennings presents no evidence that the prison officials' actions were retaliatory, or that their actions did not advance legitimate penological goals. In their motion for summary judgement, the defendants submitted an affidavit from John Orzel, a Correctional Program Supervisor. Orzel states that Jennings was locked up and transferred because his increasing hostility towards his female supervisor and his history of violence towards women made him a threat to institutional security. Orzel also states that he was not aware of Jennings's civil rights action. Jennings offers no evidence to dispute these statements. Jennings's bare allegations do not suffice to establish a retaliation claim and defeat the prison officials' summary judgment motion. See id. at 532; see also Celotex, 477 U.S. at 322-23; Taylor, 880 F.2d at 1045.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jennings was found not guilty at a subsequent disciplinary hearing regarding the incident
 
 
 [2]
 Jennings also alleges that fewer black inmates receive prison jobs with high hourly wages than white inmates. However, he lacks standing to raise this issue in his section 1983 action because he alleges no actual injury to himself. See Darring v. Kincheloe, 783 F.2d 874, 877-78 (9th Cir.1986)
 
 
 [3]
 Jennings alleges that Samuel Lewis, Director of the Arizona Department of Corrections, and J. Hood, Assistant Warden, participated in the discriminatory action by not addressing his report of discrimination. However, his complaint shows that Lewis and Hood responded to his letter. Further, Lewis and Hood are not liable under section 1983 in their supervising capacities. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Jennings also alleges that prison officials conspired to discriminate against him based on his race. However, he offers no probative evidence to support his conspiracy allegation. See Coverdall v. Dep't of Social & Health Servs., 834 F.2d 758, 769 (9th Cir.1987)
 
 
 [4]
 The metal ruler was returned to Jennings when prison officials found out that prisoners were allowed to possess such rulers
 
 
 [5]
 Section 12-821 et seq. of the Arizona Revised Statutes creates a civil cause of action against public entities or employees