818 P.2d 1169

**Chet HOWLAND, Plaintiff–Appellant,**

v.

**STATE of Arizona, Arizona Department of Corrections; Samuel Lewis; Robert Goldsmith; Joe Martinez; James Gallagher, Defendants–Appellees.**

No. 1 CA–CV 89–537.

Court of Appeals of Arizona,
Division 1, Department A.

Oct. 15, 1991.

Allen, Kimerer & Lavelle by Gary E. Davidson and George H. Foster, Jr., Phoenix, for plaintiff-appellant.

Grant Woods, Atty. Gen. by Michael G. Prost, Asst. Atty. Gen., Phoenix, for defendants-appellees.

## OPINION

JACOBSON, Judge.

Appellant Chet Howland (plaintiff) appeals from portions of the trial court's dismissal of his complaint against the State of Arizona, the Arizona Department of Corrections, and several individuals (defendants), claiming that his complaint states claims for relief under federal and state law.[1]

The following issues are raised on appeal:

1. Is plaintiff precluded from bringing federal claims against the individual defendants under 42 U.S.C. § 1983 for the loss of his property without procedural due process because he has an adequate state law remedy in tort for conversion?

2. Has plaintiff failed to state a claim in tort against the state because he failed to comply with the notice of claim procedure required by A.R.S. § 12–821?

3. Did the trial court erroneously dismiss the complaint in its entirety when a remaining contract claim exists for which plaintiff has stated a claim for relief?

## BACKGROUND

■ On review of the trial court's dismissal of this case, we assume that the allegations of the complaint are true. *Donnelly Constr. Co. v. Oberg/Hunt/Gilleland*, 139 Ariz. 184, 677 P.2d 1292 (1984).

Plaintiff alleges that on May 28, 1986, while he was a prisoner at the Arizona State Prison at Florence, he received a citation for a rule violation that resulted in his transfer to another unit. At the time of the citation, plaintiff operated a prisoner business enterprise authorized by the Department of Corrections. Plaintiff invested significant amounts of money in purchasing the equipment and supplies necessary for this business. On his transfer, however, employees of the Department took possession of this property, allegedly worth $24,000.00. It has not been returned to him or his family, nor has he been given any information about its disposition. Plaintiff alleges that the Department did not follow its own policies in handling prisoners' property on his transfer to another unit, and did not comply with the terms of his lease agreement with the Department dealing with the disposition of property following a rule violation. Plaintiff argues that the taking or loss of his property and the failure to follow the Department's rules regarding disposition of prisoners' property violates the Arizona and United States Constitutions and is a violation of his civil rights actionable under 42 U.S.C. § 1983, and that defendants are liable to him for damages under federal and state law.

Defendants filed a motion to dismiss, which the trial court granted. In its judgment, the trial court dismissed the com-

---

1. Plaintiff does not appeal from the dismissal of his federal claims against the State of Arizona and the Arizona Department of Corrections, and that part of the judgment has become final.

plaint in its entirety on the following grounds:

1. The State of Arizona and the Arizona Department of Corrections are not "persons" within the meaning of 42 U.S.C. § 1983, and Plaintiff's Complaint does not state a claim for relief against them under that statute;

2. Plaintiff's allegations concerning loss of his personal property due to the negligence of Defendants do not state a claim for relief under 42 U.S.C. § 1983;

3. Plaintiff's failure to provide the Defendants with prior notice of his claims under state law, as required by A.R.S. § 12–821, deprives the Court of subject matter jurisdiction and, therefore, Plaintiff's Complaint fails to state a claim for relief under state law against any of the Defendants; and

4. The Plaintiff's complaint fails to state a claim for relief under state law against Defendants Lewis, Goldsmith, Martinez, and Gallagher, because actions arising out of tort allegedly caused by the Director of the Department of Corrections, prison officers, or employees of the Department of Corrections, within the scope of their legal duty, run only against the State of Arizona, pursuant to A.R.S. § 31–201.01(E).

On appeal, plaintiff claims that he has stated a federal claim for relief under 42 U.S.C. § 1983 against the individual defendants acting in their individual capacity, and that, because questions of fact remain about whether plaintiff provided timely, adequate notice to the state pursuant to A.R.S. § 12–821, his state law claims were improperly dismissed. Plaintiff also contends his claim for breach of his lease had not been adjudicated and therefore should not have been dismissed.

## SECTION 1983 CLAIM

Plaintiff argues that he has sufficiently alleged a violation of his constitutional rights under color of state law against the individual defendants and, therefore, the section 1983 [2] claim against these individual defendants should not have been dismissed.

■ Although the complaint refers to violations of plaintiff's rights under the first, fourth, and fourteenth amendments of the United States Constitution, on appeal plaintiff simply claims that defendants violated his due process rights under the fourteenth amendment of the United States Constitution by taking his business property. The United States Supreme Court has recognized three types of section 1983 claims arising under the due process clause of the fourteenth amendment of the United States Constitution: (1) violations of the specific protections enumerated in the bill of rights and incorporated into the due process clause, (2) a violation of substantive due process, and (3) procedural due process claims. *Zinermon v. Burch,* 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990). *See also Morgan v. City of Phoenix,* 162 Ariz. 581, 585, 785 P.2d 101, 105 (App.1989). Because plaintiff does not argue on appeal either a substantive due process claim, a fifth amendment takings issue,[3] or that the taking somehow constituted a seizure of his property in violation of the fourth amendment of the United States Constitution, we consider those issues waived and we treat his claim solely as a procedural due process claim.

---

**2.** 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**3.** An allegation that prison employees unlawfully took a prisoner's private property raises an issue whether that conduct violates the just compensation clause of the fifth amendment of the United States Constitution, as made applicable to the states by the due process clause of the fourteenth amendment to the United States Constitution, *see Webb's Fabulous Pharmacies, Inc. v. Beckwith,* 449 U.S. 155, 101 S.Ct. 446, 66 L.Ed.2d 358 (1980), as well as a procedural due process claim. *See Hudson v. Palmer,* 468 U.S. 517, 539, 104 S.Ct. 3194, 3206–07, 82 L.Ed.2d 393 (1984) (O'Connor, J., concurring).

In determining whether plaintiff has made a sufficient procedural due process claim under section 1983, we consider whether plaintiff has shown that he was deprived of a constitutionally protected property interest, and, if so, whether he was afforded due process. *See Zinermon,* 494 U.S. at 125, 110 S.Ct. at 983. Defendants do not dispute that plaintiff had a constitutionally protected property interest in his business property. The law provides that no due process violation occurs if the government *negligently* deprives him of that property. *See Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part* by *Daniels,* 474 U.S. 327, 106 S.Ct. 662. Plaintiff argues, however, that the complaint alleged that the deprivation was the result of an *intentional* act—the wrongful conversion of his property—and that the alleged intentional deprivation of his property takes this case outside the rule of *Daniels* and *Parratt.* Because predeprivation procedures could have been followed, but were not, plaintiff contends he has stated a claim for a violation of section 1983.

We agree with defendants that the distinction between intentional and negligent acts by prison employees is insufficient to distinguish *Daniels* and *Parratt.* The United States Supreme Court has held that where a prisoner does not allege that a prison employee acted pursuant to established state procedures, an "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984). The Court reasoned that, as in the case of negligent torts, the state cannot predict or prevent employees' negligent or intentional torts. *Predeprivation* process, therefore, is not only of little value, it is likely to be impossible. *Id.*

Plaintiff argues, however, that because the Department of Corrections had adequate procedures that, if followed, would have prevented the unauthorized conversion of his property, predeprivation procedures were a viable option, and he has stated a claim for the state's failure to follow those procedures. This argument is similar to the argument made in *Zinermon,* where Burch, who claimed he had not voluntarily consented to admission to a mental hospital because he was mentally incompetent to make such voluntary consent, argued that he had been deprived of his liberty without due process of law. The United States Supreme Court held that the adequacy of a post-deprivation state remedy was not a bar to a procedural due process claim where a predeprivation hearing was feasible. *Zinermon,* 494 U.S. at 125, 110 S.Ct. at 989–90. The state employees' action in accepting Burch's consent when they knew or should have known that he was incapable of informed consent was considered by the Court to be part of an established procedure and was not a random, unauthorized act. Therefore, the case did not fall within the exceptions to the general rule that predeprivation hearings are required before a deprivation of a liberty or property interest occurs. *Id.* We find that the conversion alleged here, however, was a random, unauthorized act falling within the exception to the requirement that a predeprivation hearing take place. Therefore, the determination of what process is due plaintiff for such acts rests on the determination whether state law provides an adequate post-deprivation remedy. *Hudson,* 468 U.S. at 533–35, 104 S.Ct. at 3203–04. Plaintiff has stated a claim in his complaint under section 1983 for a random, negligent or intentional tort. Only if state post-deprivation remedies are inadequate or unavailable in practice is that claim viable. *Id.*

Does such an adequate remedy exist under Arizona law for the prison employees' alleged conversion of plaintiff's business property? Plaintiff raises no issue in this appeal attacking the adequacy of his tort remedy for conversion under state law, and we agree with defendants that under Ari-

zona law an action for conversion affords an appropriate and adequate post-deprivation remedy. Under Arizona law, the state and its subdivisions are liable in tort, and sovereign immunity is recognized in only limited exceptions. *Pritchard v. State*, 163 Ariz. 427, 431, 788 P.2d 1178, 1182 (1990). The Arizona legislature has established certain procedures for making claims against governmental entities and employees, but the fact that a suit may be barred by the one-year limitation for filing claims against the state or its employees does not make the state law remedy inadequate or unavailable. A.R.S. § 12–821; *Morgan*, 162 Ariz. at 586, 785 P.2d at 106. In addition, by statute, causes of action for torts caused by corrections officials or employees within the scope of their legal duty run only against the state. A.R.S. § 31–201.-01(E). Although this limits plaintiff's right to sue individual correction officials and employees for actions they took within the scope of their legal duty, it does not eliminate the remedy because the state remains fully liable for such torts, giving plaintiff a remedy he does not have under section 1983. In addition, this statute does not limit plaintiff's right to sue individual employees for actions taken outside the scope of their legal duty. Under Arizona law, therefore, an available state tort remedy exists for full recovery of the value of any property lost through the alleged conversion. We therefore conclude that the trial court correctly dismissed plaintiff's federal claims as failing to state a cause of action under 42 U.S.C. § 1983.

## STATE LAW CLAIMS

### Standard of Review

█ Because the trial court considered evidence extrinsic to the pleadings in determining there was no jurisdiction, we will treat the motion to dismiss as a motion for summary judgment, *Frey v. Stoneman*, 150 Ariz. 106, 722 P.2d 274 (1986), to determine whether there was sufficient evidence before the trial court to raise an issue of material fact as to whether plaintiff filed an adequate, timely notice of claim. Rule 56, Arizona Rules of Civil Procedure;

*Orme School v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).

### Timeliness and Sufficiency of Notice of Claim

The trial court dismissed the state law claims on the ground that plaintiff had failed to provide defendants with timely prior notice of his claims pursuant to A.R.S. § 12–821. The court ruled that this failure deprived the court of subject matter jurisdiction.

█ As a prerequisite to suit against the state on a tort claim, the following statutory notice must be given:

A. Persons who have claims against a public entity or public employee shall file such claims in the same manner as that prescribed in the Arizona Rules of Civil Procedure, Rule 4(D), within twelve months after the cause of action accrues. Any claim which is not filed within twelve months after the cause of action accrues is barred and no action may be maintained except upon a showing of excusable neglect if the action is brought within the otherwise applicable period of limitations....

A.R.S. § 12–821. The Arizona Supreme Court recently has held that meeting the time element regarding the filing of a notice of claim is not a jurisdictional prerequisite to bringing suit for tort claims against the state because it is merely a procedural requirement similar to the statute of limitations. *Pritchard*, 163 Ariz. at 430, 788 P.2d at 1181. In our opinion, plaintiff's arguments that he had sufficient reasons to justify his delay in filing the notice of claim, including the fact of his incarceration, raised genuine issues of material fact regarding excusable neglect that the trial court should have considered before dismissing the claims. Thus, the trial court's dismissal for lack of jurisdiction was error. We consider, therefore, whether the dismissal of those claims was correct on any alternative basis raised by the pleadings before the trial court. If so, we may affirm even if the trial court reached the right result for the wrong reason. *City of*

*Phoenix v. Geyler,* 144 Ariz. 323, 330, 697 P.2d 1073, 1080 (1985).

One of defendants' alternative arguments attacking the notice of claim was that the letters plaintiff mailed[4] were insufficient notice to the state of plaintiff's claims for his loss of property. We agree that plaintiff's notice of claim was insufficient as a matter of law to meet the requirements of A.R.S. § 12–821.

On May 3 and May 21, 1988, plaintiff mailed the following letter to Robert Corbin, the Attorney General; Samuel Lewis, Director of Department of Corrections; and Robert Goldsmith, Warden of Arizona State Prison, Florence:

> RE: NOTICE OF CLAIM AGAINST DEPT. OF CORRECTIONS STATE OF ARIZONA: ROBERT GOLDSMITH, [SAMUEL] LEWIS [,] ARCOR ENTERPRISES CHET HOWLAND, PLAINTIFF
>
> Gentlemen:
>
> This letter is to serve as notice of claim by Chet Howland, ADOC # 25780 for his claim against the Arizona Department of Corrections, [Samuel] Lewis, Robert Goldsmith, Arcor Enterprises, the State of Arizona, employees and or agents of the State and [its] appropriate Departments. This notice is pursuant to [A.R.S. §] 12–821 et seq.
>
> Mr. [Howland] claims that violations of the U.S. Fair Labor Acts and the Civil Rights Act of 1871 by and through the past and present Directors and agents thereof. That Mr. Howland's claims that the constitutional rights that are guaranteed by the U.S. Constitution's Fourteenth Amendment was violated, as well as: the Federal Labor Standards Act[ ], 29 U.S.C. 201 et seq, 42 U.S.C. 1093, 1985, 1986, 1997(e): [A.R.S. §] 41–1622 et seq.[,] [A.R.S. §] 31–252 et seq. and [A.R.S. §] 38–532 et seq. Mr. Howland alleges that he has been a victim of intentional breach of contract and others, [A.R.S. §] 31–127 (abuse of Prisoner),

> [A.R.S. §] 13–204 (ignorance of the law is NO excuse)....................
>
> As a proximate cause of the violations of Mr. Howland's rights as described above, he has suffered loss of past, present and future income and earnings and other consequential and compensatory damages.
>
> Therefore, he makes the following claim against the named entities, jointly and severally, for damages in the sum of not less than $50,000.00. If litigation is initiated to redress Mr. Howland's loss of wages and property rights, he will also be able to in addition to damages alleged, attorney's fees and costs. Please respond in a timely manner.

In their reply to plaintiff's response to the motion to dismiss, defendants made the following argument regarding the insufficiency of this letter to place the state on notice of plaintiff's claim:

> A cursory reading of those two letters [dated May 3, 1988 and May 21, 1988] shows that they have nothing whatsoever to do with the alleged negligent loss of Plaintiff's hobby craft property at the State Prison, which is the subject of his Complaint filed in Superior Court. Those letters complain of alleged violations of the Federal Fair Labor Standards Act and various other federal and state statutes, none of which have anything to do with the allegations in Mr. Howland's Complaint. Those letters did not provide any notice whatsoever concerning the allegations in Plaintiff's Complaint, contrary to A.R.S. § 12–821.

Defendants have properly preserved this argument as a cross-issue in their answering brief, and we find that it provides an alternative basis to affirm the trial court's dismissal of the state law claims. *See generally Bowman v. Board of Regents,* 162 Ariz. 551, 559, 785 P.2d 71, 79 (App.1989).

■ We agree with defendants that plaintiff's letter constitutes an insufficient

---

4. Defendants filed affidavits that the notices of claim were never received. In response, plaintiff filed copies of his letters and an affidavit asserting that these letters were placed in the prison mail system. This raised questions of material fact regarding whether service was properly made. These questions need not preclude summary judgment, however, if the notice of claim is insufficient on its face, whether received or not.

notice of claim for the loss of his personal property and does not comply with A.R.S. § 12–821 as a matter of law. Although the statute does not define the term "claim," this court has previously held that, given the purposes of the statute to provide the state with an opportunity to investigate, assess its potential liability and arrive at a settlement, as well as to provide a procedure by which the legislature will be advised of claims for which no payment has been provided, the notice of claim anticipated by the statute must at least contain enough information to allow the state to intelligently ascertain these purposes so it can conscientiously allow or disallow the claim. *State v. Brooks,* 23 Ariz.App. 463, 466, 534 P.2d 271, 274 (1975). *See also Pritchard,* 163 Ariz. at 432, 788 P.2d at 1183 (acknowledging purposes set forth in *Brooks* apply to the current statute). Citing *Brooks,* this court has also recently stated that "[t]he idea is to provide the governmental agency with information so that it has an opportunity to settle a citizen's claim or to litigate it." *Hollingsworth v. City of Phoenix,* 164 Ariz. 462, 466, 793 P.2d 1129, 1133 (App.1990). For that reason, for example, the claim must contain a "sum certain." *See Dassinger v. Oden,* 124 Ariz. 551, 606 P.2d 41 (App. 1979). Likewise, we believe that, at a minimum, as the state argued in *Brooks,* the notice of claim must also contain "an assertion of liability on behalf of the State in regard to a specifically described event sufficient to allow the State to investigate and determine its potential liability." 23 Ariz. App. at 466, 534 P.2d at 274. As we stated in *Hollingsworth,* in order to satisfy the purposes of A.R.S. § 12–821 as enunciated in *Brooks,* a notice of claim should give the public entity "notice of the nature of the claim, the general facts upon which the claim is based, a reasonable estimate of what the claim is worth, and the relief sought." 164 Ariz. at 466, 793 P.2d at 1133.

Plaintiff's letters to defendants did not provide this vital information. The notice of claim gave no indication of any specifically described event, dates, or the nature of plaintiff's loss. Plaintiff did not include in his notice of claim the factual allegations that were contained in his complaint regarding the loss of his business equipment and supplies at the state prison as a result of a disciplinary transfer on a specific date. In short, the bare allegations that the state had violated various statutory and constitutional provisions, for which plaintiff was seeking "the sum of not less than $50,000.00," were simply not sufficient within the meaning of A.R.S. § 12–821 to put the state on notice of his "claim" for which he is now seeking redress. We therefore hold that plaintiff's notice of claim was insufficient as a matter of law to meet the requirement of A.R.S. § 12–821, and the trial court was therefore correct in dismissing the state law tort claims. *See Pritchard,* 163 Ariz. at 432, 788 P.2d at 1183 ("The requirement of filing a claim with the state is mandatory and an essential requisite to plaintiff's cause of action.")

*Contract Claim*

As a final claim on appeal, plaintiff argues that his contract claim against the state and the Department of Corrections was improperly dismissed. Defendants argue that the breach of contract claim was not alleged in the complaint and was not addressed in the responses to the motion to dismiss. In his complaint, however, plaintiff claimed that he was never given notice of the termination of his lease, and, therefore, the disposition of his property following his rule violation was contrary to his lease. A copy of the lease agreement is attached to the complaint. Although the complaint does not make a specific reference to a breach of contract claim, taking the allegations of the complaint as true, the allegations would support a claim for breach of the lease agreement. It is true that in his responses to the motion to dismiss plaintiff did not raise the breach of contract issue; however, neither did defendants raise the issue in their motion to dismiss. Arguably, the motion to dismiss did not even address the breach of contract claim. Indeed, the court's judgment does not specifically refer to the breach of con-

tract claim but merely concludes that the complaint should be dismissed on the grounds stated as supporting dismissal of the tort claims. We conclude that both the parties and the court simply overlooked the contract claim in deciding this motion. Consideration of the breach of contract claim on remand, therefore, is appropriate.[5]

For the foregoing reasons, we affirm that portion of the trial court's judgment dismissing the section 1983 claims against the individual defendants and dismissing the state tort claims as to all defendants. We reverse that portion of the judgment dismissing the complaint in its entirety, and remand this matter to the trial court for consideration of plaintiff's remaining breach of contract claim.

CONTRERAS, Acting P.J., and HAIRE, J., concur.

NOTE: The Honorable LEVI RAY HAIRE, J., was authorized to participate in this appeal by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. 6, § 20, and A.R.S. § 38–813.

---

5. We do not, by this disposition, address or decide whether the notice of claim requirement of A.R.S. § 12–821 applies to preclude plaintiff's breach of contract claim against the state or, if so, whether the claim letters were sufficient. *Cf.* A.R.S. § 41–2615 (A.R.S. § 12–821 does not apply to any claims arising from contracts covered by the Procurement Code). That issue was neither raised in defendants' motion to dismiss nor decided by the trial court in its judgment of dismissal.