52 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert W. WHITBECK, Jr., Plaintiff-Appellant,
v.
Samuel LEWIS, Individually and in his official capacity as
Director of Arizona Department of Corrections; Roger Crist,
Individually and in his official capacity as Warden of
Florence Complex; James McFadden, Individually and in his
official capacity as Deputy Warden, et al., Defendants-Appellees.
 No. 94-16882.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 7, 1995.
 
 IN PART, VACATED IN PART, REMANDED.
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Robert Whitbeck Jr. appeals pro se the district court's summary judgment for defendant prison officials in Whitbeck's 42 U.S.C. Sec. 1983 action. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm in part, vacate in part, and remand.
 
 
 3
 Whitbeck brought this action against several Arizona Department of Correction ("ADOC") employees contending that they: (1) violated his First Amendment rights and subjected him to cruel and unusual punishment by damaging his personal mail; (2) retaliated against him for filing inmate grievances; (3) were deliberately indifferent to his serious medical needs; and (4) failed to protect his Fourteenth Amendment due process rights. The district court granted summary judgment for the defendants. Whitbeck timely appeals.
 
 
 4
 * Standard of Review
 
 
 5
 A grant of summary judgment is reviewed de novo. Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994). "An appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law." Jesinger v. Nev. Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Once the moving party makes the required showing, the burden shifts to the nonmoving party to come forward with sufficient evidence to demonstrate that there is a triable issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986).
 
 II
 Damage to Mail
 
 6
 Whitbeck contends that the prison officials violated his First, Eighth, and Fourteenth Amendment rights by deliberately submerging his incoming mail into a pool of standing water on the floor outside of his cell. This contention lacks merit.
 
 
 7
 The First Amendment affords inmates a limited right to receive mail from persons outside the prison. Pepperling v. Crist, 678 F.2d 787, 789-90 (9th Cir.1982). Here, the district court concluded that Whitbeck failed to present sufficient evidence to demonstrate that defendant Daniel Hardy interfered with his First Amendment rights. Specifically, the district court determined that because the mail in question suffered only minor damage and was readable, Whitbeck failed to demonstrate that his First Amendment rights were interfered with. Our review of the record supports the district court's conclusion. The photocopies of the mail in question demonstrate that the mail was in readable condition. Thus, there is no evidence to suggest that Whitbeck's First Amendment rights were actually interfered with.
 
 
 8
 Whitbeck's also asserts that the damage to his mail violated his Eighth Amendment rights. The Eighth Amendment prohibits "only those deprivations denying 'the minimal civilized measure of life's necessities.' " Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citations omitted). "[O]nly the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Id. at 297 (emphasis omitted). The destruction or damage to an inmate's mail is insufficient to give rise to a valid Eighth Amendment claim. See id. at 298.
 
 
 9
 Finally, Whitbeck asserts that he has been denied due process with respect to the destruction of his mail. The intentional destruction of a prison inmate's property, however, does not violate the due process clause if an adequate postdeprivation state remedy exists. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Because Whitbeck has an adequate postdeprivation remedy under Arizona state tort law, he does not have a cognizable claim under section 1983. See id.; Howland v. State of Arizona, 169 Ariz. 293, 296-97, 818 P.2d 1169, 1172-73 (Ariz.Ct.App.1991).
 
 III
 Retaliation
 
 10
 Whitbeck contends that the district court erred by granting summary judgment for defendants Virgil Starkey and Daniel Hardy regarding his claim that they conspired to fabricate disciplinary violations in retaliation for Whitbeck's filing of inmate grievances. This contention has merit.
 
 
 11
 The Constitution guarantees prisoners meaningful access to the courts. Barnett, 31 F.3d at 816. "The right of access to the courts is subsumed under the first amendment right to petition the government for redress of grievances." Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989). Retaliation against a prisoner for exercising his right to file grievances may interfere with the prisoner's right of meaningful access to the courts. Id.; see also, Valandingham v. Bojorquez, 866 F.2d 1135, 1137-38 (9th Cir.1989).
 
 
 12
 To make out a prima facie claim of retaliation, the individual has the burden of showing that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendants' conduct. Soranno's, 874 F.2d at 1314 (quoting Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)). A prisoner, however, must also show that the retaliatory action does not advance legitimate penological goals or was not tailored narrowly enough to achieve such goals. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).
 
 
 13
 Once a prisoner has established a prima facie case of retaliation and demonstrated that the retaliatory action does not advance a legitimate penological goal, the burden shifts to the defendant to establish that it would have reached the same decision even in the absence of the protected conduct. Sorranno's, 874 F.2d at 1314. To support a summary judgment motion, defendants may not simply show that they could have reached the same decision, they must show that the would have reached the same decision. Id. at 1315 (emphasis in original). Finally, we note that questions of motive are generally inappropriate on summary judgment. Sorranno's, 874 F.2d at 1315.
 
 
 14
 Here, the district court concluded that Whitbeck failed to produce any evidence from which it could be found that Starkey and Hardy conspired to fabricate disciplinary infractions because Whitbeck filed an inmate grievance.
 
 
 15
 Viewing the evidence in the light most favorable to the nonmoving party, however, we conclude Whitbeck has submitted sufficient evidence to establish a prima facie case of retaliation and raise a genuine issue of fact regarding the defendants' motives. See Anderson, 477 U.S. at 256-57.
 
 
 16
 To support his claim that Starkey and Hardy conspired to retaliate against him, Whitbeck submitted his affidavit stating that Starkey told Hardy to write an incident report after Starkey was informed that Whitbeck had a recording of Hardy admitting to damaging Whitbeck's mail. Whitbeck also states that Starkey told Hardy that "well make it hard on them."
 
 
 17
 Further, Whitbeck submitted the affidavit of Jason O'Brien in which O'Brien claims to have heard Hardy tell Whitbeck "that he (Hardy) would see to it that Whitbeck's stay at SMU would be unpleasant...." These statements raise an inference of retaliation.
 
 
 18
 Lastly, Whitbeck filed his first grievance on April 18, 1991, alleging that Hardy intentionally damaged his mail. On April 20, 1991, Whitbeck received a disciplinary infraction from Hardy for failure to obey an order to remove a light cover. Whitbeck claims that he was never given such an order. The close proximity in time raises an inference of retaliation. See Soranno's, 874 F.2d at 1316 (retaliation can be inferred from timing of defendant's conduct).
 
 
 19
 Cumulatively, Whitbeck has presented sufficient evidence that a reasonable jury could conclude that Hardy and Starkey conspired to retaliate against Whitbeck for filing inmate grievances. See id. at 1315.
 
 
 20
 Whitbeck, however, must also show that the alleged retaliatory action does not advance a legitimate penological goal. Rizzo, 778 F.2d at 532. Whitbeck contends that the alleged conduct of Hardy and Starkey was done for the sole purpose of harassing him. Defendants have not brought forth any justification for the alleged conduct. Instead, they deny that they engaged in any retaliatory action. This, however, simply raises an issue of fact. Because genuine issues of material fact remain, the district court erred by granting summary judgment with respect to Whitbeck's retaliation claim. See id.
 
 IV
 Eighth Amendment
 
 21
 Whitbeck contends that Hardy violated his Eighth Amendment rights by failing to notify medical personnel that Whitbeck requested to see medical personnel after he suffered a seizure. This contention lacks merit.
 
 
 22
 "Prisoners can establish an eighth amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs." Hunt v. Dental Dep't., 865 F.2d 198, 200 (9th Cir.1989). Prison officials may manifest a deliberate indifference to inmates medical needs when they deny, delay or intentionally interfere with needed medical treatment. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Prisoners, however, must show that the delay or denial of medical care was harmful. Id. at 1060.
 
 
 23
 The district court found that Whitbeck failed to present any evidence indicating that he was harmed by Hardy's failure to notify medical personnel. Whitbeck claims that he suffered a bloody nose from the seizure and needed treatment for his nose. There is, however, no evidence that his nose was ever treated or that he suffered any harm from any delay in treatment. See McGuckin, 974 F.2d at 1060. Thus, the district court properly granted summary judgment on this claim. See Anderson, 477 U.S. at 256-57.
 
 V
 Due Process
 
 24
 Whitbeck contends that he was found guilty of disciplinary violations without a hearing or an opportunity to present evidence and as a result suffered a loss of privileges.[1] The district court, relying on Wolff v. McDonnell, 418 U.S. 539, 571 n. 19 (1974), held that Whitbeck was not entitled to a hearing because no liberty interest is at stake where privileges are suspended for a short duration. The district court's reliance on Wolff, however, is misplaced. In Baxter v. Palmigiano, 425 U.S. 308, 323 (1976), the Supreme Court expressly stated that Wolff did not decided whether due process was required where inmates were deprived of privileges.[2]
 
 
 25
 Because there is some uncertainty in the record as to whether Whitbeck was actually afforded a hearing with respect to all of the disciplinary infractions or whether prison regulations require a hearing, we remand to the district court for further consideration.[3]
 
 VI
 Personal Participation
 
 26
 Whitbeck contends that the district court erred by granting summary judgment for defendants Samuel Lewis, Roger Crist, James McFadden and Virgil Starkey regarding his claim that they knew of defendant Hardy's retaliatory actions but failed to take action to protect him. This contention has merit.
 
 
 27
 "Liability under section 1983 only arises upon a showing of personal participation by the defendant. A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (citations omitted).
 
 
 28
 The district court held that Whitbeck failed to establish that defendants Lewis, Crist, McFadden or Starkey "directed, participated in or had knowledge of any unconstitutional activity of defendant Hardy." Whitbeck's affidavit, however, states that he wrote letters to each of the named defendants informing them of Starkey's and Hardy's actions. Because there is a factual dispute as to whether the defendants knew of the alleged unconstitutional activity and failed to prevent it, summary judgment was improperly granted. See Anderson, 477 U.S. at 256-57.
 
 
 29
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court concluded that Whitbeck alleged that he was denied a hearing. Additionally, appellees' do not contest this, but instead argue that Whitbeck was not entitled to a hearing. Our review of the record, however, does not disclose whether Whitbeck actually received a hearing on all of the alleged infractions
 
 
 [2]
 Baxter reversed our decision in Clutchette v. Procunier, 510 F.2d 613 (9th Cir.1975), which held that some procedural safeguards are necessary to protect prisoners from the loss of privileges. The Court found it unnecessary to reach the issue at that time because the plaintiffs in that case were subject to more than the mere loss of privileges. Baxter, 308 U.S. at 323
 
 
 [3]
 We express no opinion as to whether any procedural safeguards are necessary where privileges are suspended for a short duration