60 F.3d 832
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Larry Paul DELANEY, Plaintiff-Appellant,
v.
Thomas MARQUEZ, Officer; Kenneth Hansen, Detective; Paul
Hill, Detective; Doctor Karahalios; St. Joseph's
Hospital; Phoenix Police Department,
Defendants-Appellees.
 No. 95-15248.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Larry Paul Delaney appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal of his 42 U.S.C. Sec. 1983 action alleging that police officers and a doctor at St. Joseph's Hospital conspired to draw samples of his blood without his consent, while he was unconscious. Delaney also contends that defendants deprived him of his personal property while he was hospitalized. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the district court's sua sponte dismissal prior to service of process for abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992).
 
 
 4
 Delaney alleges that police officers brought him to St. Joseph's Hospital because he suffered from a gunshot wound. While he was unconscious, defendant doctor Karahalios, at the direction of defendant police officers, took samples of Delaney's blood. The complaint does not specify whether evidence of the blood samples was later introduced at Delaney's criminal trial.
 
 
 5
 We conclude that under the facts of this case, Delaney cannot state an arguable claim that his constitutional rights were violated. See Schmerber v. California, 384 U.S. 757, 768 (1966) (holding that no Fourth Amendment violation when blood sample taken without consent where probable cause and exigent circumstances existed); Breithaupt v. Abram, 352 U.S. 432, 435-38 (1957) (holding that extraction of blood from an unconscious, hospitalized suspect after a fatal crash did not shock the conscience and thereby did not violate the due process clause).
 
 
 6
 Delaney's assertion that police officers illegally confiscated his personal property also fails because Arizona law provides an adequate post-deprivation remedy for his claim. See Taylor v. Knapp, 871 F.2d 803, 806-07 (9th Cir.), cert. denied, 493 U.S. 868 (1989); Howland v. State, 818 P.2d 1169, 1172-73 (Ariz. Ct. App. 1991).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3