Nathaniel TURNER, Jr., Plaintiff—
Appellant,

v.

D.Z. TERRY, CO. III, sued in
individual & official capacity,
et al., Defendants—Appellees.

No. 01–17289.
D.C. No. CV–00–00018–SMM.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2003.*

Decided March 6, 2003.

Before BEEZER, THOMAS, and
CLIFTON, Circuit Judges.

MEMORANDUM **

In this prisoner suit brought under 42
U.S.C. § 1983, Nathaniel Turner alleges

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

(1) that Masterson and Terry retaliated against him concerning the loss of his stereo, (2) that Masterson violated due process in seizing his stereo, and (3) that Kirkham cruelly and unusually punished him by applying handcuffs that were too small. The district court dismissed all claims against Masterson and Terry and granted summary judgment for Kirkham. We affirm the district court's dismissal of the claims against Masterson and Terry. We reverse the district court's grant of summary judgment for Kirkham.

■ As the parties are familiar with the facts, we recite them only as necessary. We review *de novo* the district court's dismissal under 28 U.S.C. § 1915A of the claims against Masterson and Terry. *See Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). The retaliation claims properly were dismissed because Turner failed to allege that the retaliatory actions advanced no legitimate penological goal. *See Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir.1994). The due process claims were properly dismissed because Turner has an adequate post-deprivation remedy under Arizona law. *See id.* at 816; *Howland v. State,* 169 Ariz. 293, 818 P.2d 1169, 1172–73 (1991).

■ We review the grant of summary judgment *de novo. Barnett,* 31 F.3d at 815. In his First Amended Complaint, Turner checked the box for "Excessive force by an officer" in describing count II. This sufficed to plead an excessive force claim under the liberal construction we afford *pro se* complaints. *See Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir.1987). Because Turner pled a claim for excessive force, the district court erred by declining to consider that claim. Summary judgment was inappropriate. We remand to the district court for further proceedings on that claim. Each party shall bear their own costs.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.