**Paul Darnell TAYLOR, Plaintiff—Appellant,**

v.

**Terry L. STEWART, Director, sued in individual & official capacity; et al., Defendants—Appellees.**

**No. 03–16793.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

Paul Darnell Taylor, Florence, AZ, pro se.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM**

Paul Darnell Taylor, an Arizona state prisoner, appeals pro se from the district court's judgment dismissing, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, his 42 U.S.C. § 1983 action against various prison officials alleging denial of due process in disciplinary proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), we affirm in part, vacate in part, and remand.

The district court properly dismissed Taylor's due process claims because his challenge to the procedures used in disci-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

plinary proceedings that resulted in the loss of good-time credits necessarily implied the invalidity of the punishment imposed. *See Edwards v. Balisok,* 520 U.S. 641, 644–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). We vacate the judgment to the extent it dismisses Taylor's action with prejudice, and we remand for entry of judgment dismissing the action without prejudice as to the claims barred under *Balisok. See Blueford v. Prunty,* 108 F.3d 251, 255 (9th Cir.1997).

To the extent Taylor's section 1983 claims were also based on the alleged deprivation of his property, the district court properly dismissed them because Taylor had an adequate post-deprivation remedy under Arizona law. *See Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam); *Howland v. State,* 169 Ariz. 293, 818 P.2d 1169, 1172–73 (1991).

Taylor's remaining contentions lack merit.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED**