**Timothy Lee WARD, Plaintiff–Appellant,**

v.

**Gerry BENNETT, Property Officer, Defendant–Appellee,**

**and**

**Karr;  et al., Defendants.**

**No. 05–17329.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.[*]

Filed Oct. 31, 2006.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Timothy Lee Ward appeals pro se from the district court's summary judgment in favor of defendant Bennett in his 42 U.S.C. § 1983 action, as well as its earlier order dismissing claims under the screening provisions of the Prison Litigation Reform Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004) (summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000) (dismissal of a complaint under 28 U.S.C. § 1915A for failure to state a claim). We affirm in part, vacate in part, and remand.

■ The district court properly granted summary judgment on Ward's access to courts claim, because the record shows defendant Bennett was on leave from his job during the time in question, and Ward failed to follow the district court's instructions regarding the procedure for filing an amended complaint to add new defendants. *Cf. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir.1992) (concluding district court did not abuse its discretion in dismissing action after appellant failed to comply with court order requiring him to refile a second amended complaint). Accordingly, the evidence fails to establish a genuine issue of material fact as to whether the alleged acts of the named defendant caused an actual injury. *See Lewis v.*

Timothy Lee Ward, Florence, AZ, pro se.

James Randall Jue, Esq., Office of the Arizona Attorney General, Phoenix, AZ, for Defendant–Appellee.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Casey,* 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

The district court also properly dismissed Ward's claim that his property was improperly removed from his cell because Ward has an adequate post-deprivation remedy under Arizona law. *See Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir. 1994); *Howland v. State,* 169 Ariz. 293, 818 P.2d 1169, 1172–73 (1991).

It is unclear from the record, however, whether Ward's alleged confinement in administrative segregation constituted an "atypical and significant hardship" that triggered due process protections. *See Ramirez v. Galaza,* 334 F.3d 850, 861 (9th Cir.2003) (remanding for consideration of factors discussed in *Sandin v. Conner,* 515 U.S. 472, 486–87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)); *Jackson v. Carey,* 353 F.3d 750, 756–57 (9th Cir.2003). Accordingly, we remand to the district court for further consideration.

On remand, the district court should also consider whether Ward's first amended complaint alleged facts sufficient to state a claim for retaliation as discussed in the intervening case *Austin v. Terhune,* 367 F.3d 1167, 1170–71 (9th Cir.2004).

We sua sponte revoke this court's April 17, 2006 Order revoking Ward's in forma pauperis status. The clerk is ordered to restore Ward's in forma pauperis status, recall the mandate issued 5.30.06, and reinstate this appeal.

**AFFIRMED in part, VACATED in part; REMANDED.**