**Robert V. TUZON, Plaintiff—Appellant,**

v.

**S. MILLER, Defendant—Appellee.**

**No. 05–16234.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 13, 2007.

Robert V. Tuzon, Tucson, AZ, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Wanda Ellen–Marie Hofmann, Esq., Office of the Arizona Attorney General, Tucson, AZ, for Defendant–Appellee.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Robert V. Tuzon appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging correctional officer Miller acted with deliberate indifference, violated his right to access courts and his right to due process, and retaliated against him for his prior federal litigation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on Tuzon's access to courts claims because he failed to show that he suffered any actual injury to his ability to litigate a habeas or section 1983 action as a result of interference with his prison mail. *See Lewis v. Casey*, 518 U.S. 343, 354–55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (prisoners asserting access to courts claims must show actual injury to their ability to challenge their sentences or conditions of confinement).

The district court also properly granted summary judgment on Tuzon's retaliation claim because he failed raise a triable issue

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

as to whether his disciplinary conviction lacked a legitimate penological basis. *See Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam) (retaliation claim requires prisoner to show that action does not further any legitimate penological goal).

The district court properly dismissed Tuzon's due process claim because Arizona law provides an adequate post-deprivation remedy. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Howland v. Arizona,* 169 Ariz. 293, 818 P.2d 1169, 1172–73 (Ariz.Ct.App.1991).

The district court also properly dismissed Tuzon's Eighth Amendment claim, because Tuzon failed to create a triable issue as to whether Miller acted with deliberate indifference to his skin condition. *See Farmer v. Brennan,* 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (to be liable for deliberate indifference, a prison official must know of and disregard a substantial risk of serious harm to an inmate).

Finally, the district court did not abuse its discretion in vacating its earlier order denying Miller's motion for summary judgment, where the earlier order relied on evidence Tuzon presented in a motion for summary judgment he did not serve on defense counsel. *See Lehman v. United States,* 154 F.3d 1010, 1017 (9th Cir.1998) ("To receive Rule 60(b)(6) relief, a moving party must show both injury and that circumstances beyond its control prevented timely action to protect its interests.") (internal quotations and citations omitted).

Tuzon's remaining contentions lack merit.

**AFFIRMED.**