**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGEL GOFF, FKA Angel Kraft, | No.    18-17216 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-01623-JJT-DMF |
| v. | |
| JUAN IGNACIO RAMIREZ, Jr., | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| STATE OF ARIZONA; CARSON MCWILLIAMS; BERRY LARSON; CHARLES L. RYAN, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted December 4, 2019
San Francisco, California

Before:  CALLAHAN and BADE, Circuit Judges, and BOUGH,** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

Angel Goff, a transgender woman in the custody of the Arizona Department of Corrections ("ADOC"), filed suit in the district court against corrections officer Juan Ignacio Ramirez, Jr. and others asserting civil rights claims under 42 U.S.C. § 1983 and state tort claims. Goff's allegations are based on Ramirez's conduct between the latter part of 2014 and mid-2016. Ramirez appeals the district court's denial of his motion to dismiss. Ramirez argues that he has statutory immunity from Goff's tort claims under Ariz. Rev. Stat. § 31-201.01(F), and that he has qualified immunity from Goff's § 1983 claims.

We have jurisdiction under 28 U.S.C. § 1291 and the collateral review doctrine. *See Mitchell v. Forsyth*, 472 U.S. 511, 524-25, 530 (1985); *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (citing *Behrens v. Pelletier*, 516 U.S. 299, 307 (1996)). We review de novo, *Hernandez v. City of San Jose*, 897 F.3d 1125, 1132 (9th Cir. 2018), and affirm.

I.

The district court properly denied Ramirez's motion to dismiss the tort claims against him individually. We are not persuaded by Ramirez's argument that he is entitled to statutory immunity under Arizona law. Ramirez argues that Goff's state tort claims against him are barred by Ariz. Rev. Stat. § 31-201.01(F), which provides that "[a]ny and all causes of action that may arise out of tort caused by the director, prison officers or employees of the department, within the scope of their

2

legal duty, shall run only against the state." Although, as Ramirez argues, the phrase "any and all" is expansive, *see In re Estate of Lamparella,* 109 P.3d 959, 964 (Ariz. Ct. App. 2005), it is limited by the phrase "within the scope of their legal duty," Ariz. Rev. Stat. § 31-201.01(F). The statute "does not limit [a] plaintiff's right to sue individual employees for actions taken outside the scope of their legal duty." *Howland v. State*, 818 P.2d 1169, 1173 (Ariz. Ct. App. 1991).

Ramirez's alleged conduct, "grabbing Ms. Goff's breasts and other body parts during 'pat downs' and forcing himself against her for his own sexual pleasure" and "forcing Ms. Goff to perform oral sex on him" was "outside the scope of [his] legal duty" as a corrections officer. *See id*.

Ramirez cites Arizona Department of Corrections Order ("DO" or "Department Order") 708, which governs searches, and argues that because "part of the tortious conduct . . . occurred during 'pat downs,'" it was within the scope of his legal duties. *See* DO 708, § 1.6. However, another Department Order strictly prohibits "sexual harassment and any sexual contact or conduct between staff and inmates." DO 125, § 1.2. Therefore, we reject Ramirez's argument that his alleged sexual contact with Goff was within the scope of his legal duties.

Ramirez's assertion that certain allegations in the second amended complaint conceded that his conduct was "within the scope of [his] legal duty" for purposes of section 31-201.01(F) is unpersuasive because the allegations are reasonably

3

viewed as pleading Arizona's vicarious liability and Ramirez's individual liability in the alternative.

## II.

The district court properly denied Ramirez's assertion that he was entitled to qualified immunity from Goff's § 1983 claims alleging that Ramirez "grabb[ed] Ms. Goff's breasts and other body parts during 'pat downs' and forc[ed] himself against her for his own sexual pleasure."[1]  When a defendant presents a qualified immunity defense in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "dismissal is not appropriate unless we can determine, based on the complaint itself, that qualified immunity applies."  *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001).

Qualified immunity protects government officials acting in their official capacities from civil liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Goff asserts that Ramirez engaged in excessive force in violation of the Fourth and Eighth Amendments.

The allegations that Ramirez grabbed Goff's breasts and other body parts during non-routine "pat downs," forced himself against her for his own sexual

---

[1]  Ramirez does not argue that he is entitled to qualified immunity from Goff's claim that he forced her to perform oral sex on him.

4

pleasure, and that during each encounter Ramirez's conduct grew more "aggressive and violent" are sufficient to state a claim that Ramirez violated Goff's Eighth Amendment rights. *See Schwenk v. Hartford*, 204 F.3d 1187, 1197-98 (9th Cir. 2000).

We are unpersuaded by Ramirez's argument that the law was not clearly established at the time of the non-routine "pat downs" and unsolicited physical contact such that a reasonable corrections officer would not have known that his actions were unlawful under the Eighth Amendment. *See White v. Pauly*, ___ U.S. ___, 137 S. Ct. 548, 551 (2017) (for a right to be clearly established there does not need to be a case directly on point, but "'existing precedent must have placed the statutory or constitutional question beyond debate.'") (quoting *Mullenix v. Lewis*, 577 U.S. ___, 136 S. Ct. 305, 308 (2017)). We agree with the district court that our decision in *Schwenk* clearly established an inmate's Eighth Amendment right not to be sexually abused by a corrections officer who grabbed the inmate's breasts and other body parts and forced himself against the inmate in a sexual manner regardless of the gender of the officer or the inmate. 204 F.3d at 1197-98. Taking Goff's allegations as true, no reasonable corrections officer could have thought that engaging in unsolicited and forcible sexual contact with an inmate was reasonable under the circumstances.

Additionally, we agree with the district court that Ramirez's assertion of

5

qualified immunity was based on an inaccurate characterization of Goff's allegations as describing routine pat down searches and an inaccurate identification of the Fourth Amendment right at issue.[2] The district court's order did not specifically address whether the allegations stated an excessive force claim under the Fourth Amendment or whether it was clearly established that Ramirez's alleged conduct would have violated the Fourth Amendment. However, dismissal of the Fourth Amendment claim is inappropriate because, based on the second amended complaint itself, we cannot determine that qualified immunity applies. *See Groten*, 251 F.3d at 851.

**AFFIRMED.**

---

[2] Ramirez cited cases that involved routine searches and considered whether an inmate had a right to privacy under the Fourth Amendment. *See Somers v. Thurman*, 109 F.3d 614, 617-20 (9th Cir. 1997); *Grummet v. Rushen*, 779 F.2d 491, 493, 495-96 (9th Cir. 1985). Goff, however, asserts an excessive force claim under the Fourth Amendment.