**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATLYNN MARIE, | No. 19-16119 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-04842-DJH-DMF |
| v. | |
| DAVID SZAPIRO, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| JUDY SZAPIRO; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted May 13, 2020**
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and RAKOFF,*** District

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Judge.

Plaintiff Katlynn Marie brought a lawsuit alleging that former Arizona corrections officer David Szapiro sexually abused her while she was in state custody, and that she was especially vulnerable to such abuse in custody because she is transgender. Marie's complaint alleges that Szapiro, Arizona prison officials, and the State of Arizona violated state and federal law. Szapiro filed a motion to dismiss the state law claims, arguing that he was entitled to immunity under Arizona Revised Statute § 31-201.01(F). The district court denied Szapiro's motion to dismiss. We have jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine. *See Liberal v. Estrada*, 632 F.3d 1064, 1073-76 (9th Cir. 2011).[1] We affirm.

Section 31-201.01(F) provides: "Any and all causes of action that may arise out of tort caused by the director, prison officers or employees of the department, within the scope of their legal duty, shall run only against the state." Ariz. Rev. Stat. § 31-201.01(F). This statutory provision "does not limit [a] plaintiff's right to

---

[1] Marie's briefing questions whether we have jurisdiction over Szapiro's appeal. Specifically, she emphasizes that even if Szapiro is entitled to immunity from her state law claims, he would still face her federal claims, so he would not be free from litigating this case. But *Behrens v. Pelletier*, 516 U.S. 299 (1996), made clear that the "right to immunity is a right to immunity *from certain claims*, not from litigation in general; when immunity with respect to those claims has been finally denied, appeal must be available, and cannot be foreclosed by the mere addition of other claims to the suit." *Id.* at 312; *see also Beier v. City of Lewiston*, 354 F.3d 1058, 1064 (9th Cir. 2004) (discussing *Behrens*).

sue individual employees for actions taken outside the scope of their legal duty." *Howland v. State*, 818 P.2d 1169, 1173 (Ariz. Ct. App. 1991). Like the district court, we interpret "within the scope of their legal duty" by "look[ing] for guidance to Arizona cases that have found the State or private entities liable for the tortious conduct of their employees committed 'within the scope of [their] employment.'" Under Arizona law, an employee's conduct is only within the scope of his employment if it is "at least in part [] motivated by a purpose to serve the master rather than solely to serve personal motives unconnected to the master's business." *Arizona v. Schallock*, 941 P.2d 1275, 1283 (Ariz. 1997).

We hold that Szapiro is not entitled to immunity under § 31-201.01(F) because Marie adequately pleaded that he acted outside the scope of his legal duty. *See generally A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 456 (9th Cir. 2013) (explaining that, at the motion to dismiss stage, a defendant's entitlement to immunity turns "on the facts alleged" by the plaintiff). Marie's complaint alleges that Szapiro "sexually abused [her] by non-consensually fondling her, forcing her to shower in front of him, and forcing her to perform oral sex on him." Her complaint further refers to "Szapiro's callous and self-serving assaults." By alleging that Szapiro's conduct was driven by "personal motives unconnected to the [State's] business," *see Schallock*, 941 P.2d at 1283, Marie pleaded that Szapiro acted outside the scope of his legal duty within the meaning of § 31-

3

201.01(F).

We reject Szapiro's argument that Marie's contention in her complaint that "his acts and omissions were conducted within the scope of his official duties or employment" for purposes of her § 1983 claim conceded that he acted within the scope of his legal duty for purposes of her state law claims. The complaint can be reasonably construed as alternatively pleading that Szapiro acted under the color of law and within the scope of his employment when he deprived Marie of her constitutional rights, and that Szapiro's acts of sexual abuse, supporting her state law tort claims, were outside the scope of his legal duty. *See Molsbergen v. United States*, 757 F.2d 1016, 1018-19 (9th Cir. 1985) (explaining that "a pleading should not be construed as an admission" when it is an allegation in the alternative). Szapiro's argument that Marie also concedes that he was acting within the scope of his legal duty by alleging that he was acting "within the course and scope of his employment" is likewise untenable. We think Marie's complaint alternatively pleads that Szapiro is individually liable because he acted outside the scope of his duty, and that the State is vicariously liable because he acted within the scope of his employment. *See id.*

**AFFIRMED.**